Edwiet Kassoet, J.
The facts in this case are clear and uncontroverted. Plaintiff alleges that between June, 1969 and May, 1970 he loaned the defendant $1,010. He claims that only $100 of this loan has been repaid and brings this action to recover the remaining $910. Plaintiff offered proof to show where he obtained the money he alleges to have loaned to the defendant. The defendant denies ever having received this money and claims that she never asked the defendant to loan her any money. The alleged loan was oral, and no witnesses were present.
The court is faced with the problem of determining which party is telling the truth and which party is committing perjury. Perjury consists of willfully, knowingly, absolutely, and falsely swearing, in a matter material to the issue or point in question, in a judicial proceeding, by a person to whom a lawful oath or affirmation is administered by the court.
Even the wisdom of a King Solomon would be tried in deciding a case such as this. However, this court has the benefit of the aid of polygraph tests given by a noted expert. This case presents an ideal situation for the use of such tests. The testimony before the court is diametrically opposed. There is no doubt in the court’s mind that one of the parties is lying.
In view of this, the court ordered both parties to submit to a lie detector test. The parties, through their attorneys, then consented to taking the test.
The plaintiff and defendant were examined separately at the Lie Detection Laboratories, Inc. by Dr. Thomas J. McShane, who found that plaintiff had given the sum of money in question to the defendant. He further found that the defendant Helen O ’Connell was purposely unco-operative and her behavior was that ordinarily associated with persons anxious about guilt or involvement being revealed.
This court has carefully reviewed the report of the polygraph tests and has decided to admit in evidence the results of these tests as the testimony of an expert witness. The opinion testimony of any expert witness may be rejected if, after careful consideration of all the evidence in the case, expert and other, the court disagrees with the opinion. In other words, the court is not required to accept an expert’s opinion to the exclusion of the facts and circumstances disclosed by other testimony. *318 Such, an opinion is subject to the same rules concerning reliability as the testimony of any other witness. It is given to assist the court in reaching a proper conclusion and is entitled to such weight as the court finds the expert’s qualifications in his field warrant and must be considered by the court, but is not controlling upon it.
The admissibility of polygraph tests was discussed and rejected by the Court of Appeals in People v. Leone (25 N Y 2d 511 [1969]). However, this case is distinguishable from the ease at bar. In the Leone case the court held inadmissible the results of a polygraph test and cited the inexperience of the operator of the machine as a major reason for its decision. The court stated (p. 516): “ Moreover, opponents of the machine also contend that polygraph tests are unreliable because the people administering and interpreting them are inadequately trained.”
The court does not contend that the polygraph machine is a perfect scientific instrument, but by having a competent expert operate the machine the results should be admitted as other expert testimony. Dr. McShane is a noted expert in lie detection techniques. He is a certified psychologist licensed in New York State, and a member of many psychological associations. Dr. McShane received his A.B., M.A., and Ph.D. in psychology at Fordham University and is presently a Professor and Chairman of the Department of Psychology at Pace College, New York City. He has held these positions since 1962. Prior to this, Dr. McShane was employed by the F. B. I. During his 20-year tenure with the F. B. I., Dr. McShane was attached to the bureau’s laboratory in Washington, D. C. as a polygraph examiner. He was also a lecturer at the National Academy classes on detection of deception techniques and chairman of the Polygraph Research Group. He lectured extensively for the Bureau on polygraph matters and administered polygraph examinations throughout the country covering 38 States and administering approximately 2,000 tests. In 1958 Dr. McShane participated in establishing the curriculum for the F. B. I. polygraph training schools and lectured at those schools from 1958 until his retirement in 1961.
The action of this court in admitting the results of a polygraph test administered by an expert in a case involving perjury is not without precedent. A United States District Court in Michigan has recently ruled in United States v. Ridling (350 F. 2d 90) that the results of a lie detector test can be admitted as evidence in a perjury trial. Judge Charles W. Jouster found that a perjury ease is the best case for testing the admissibility *319 of polygraph testimony, and that the experts all agree that the polygraph examination is aimed at exactly this aspect of truth. The court there also held that lie detector techniques have improved, just as fingerprinting and breath testing have developed into reliable measures, and that previous legal opinions excluding polygraph evidence are not persuasive insofar as they are predicated on the unreliability of the polygraph. See also United States v. Dioguadi (72 CLR 1102, 12/72) where Judge J. Weinstein ordered the results of a polygraph exam admitted.
This court finds that by a fair preponderance of the credible evidence, the plaintiff, Jacob Walther did lend $1,010 to defendant Helen O’Connell and received $100 in payment, leaving a balance still due and owing him of $910. Accordingly, judgment for the plaintiff in the sum of $910, together with costs, disbursements, and interest.