■ ALBERT V. RANDACCIO, Respondent, v RETAIL CREDIT COMPANY, Appellant. (Appeal No. 2.)—Order unanimously modified, on the law, in accordance with memorandum, and as modified affirmed, without costs. Memorandum: The amended complaint sets forth three causes of action (the first two for an injunction and damages under article 25 of the General Business Law and the third for libel) allegedly resulting from transmittal of an "Agency Qualification Report" by defendant in response to a request by United States Fidelity & Guaranty Company for a report concerning the Rand Agency, Inc. This action was brought by the president of the Rand Agency, Albert V. Randaccio, in his individual capacity only. However, plaintiff, as an individual, has not been denied credit, and therefore is not a "person" who can properly bring this action under section 376 of the General Business Law. Accordingly, the first two causes of action in the amended complaint should have been dismissed pursuant to defendant's motion under CPLR 3211 (subd [a], par 7). The remainder of the amended complaint sufficiently states a cause of action in libel. (Appeal from order of Erie Special Term denying motion to dismiss causes of action.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.

■ JAMES D. VOLLERTSEN ASSOCIATES, INC., et al., Respondents v JOHN T. NOTHNAGLE, INC., et al., Appellants.—Order unanimously reversed, without costs, and motion denied. Memorandum: In this action plaintiffs seek compensatory and punitive damages. The order from which defendants appeal directs them to answer plaintiffs' Interrogatory No. 83, namely, "Set forth the present net worth of each of the above-named Defendants". The order was prematurely granted (see *Rupert v Sellers,* 48 AD2d 265). As we said in *Rupert (supra),* there should be a split trial, first on the issue of defendants' liability for punitive or exemplary damages. If plaintiffs obtain a special verdict entitling them to punitive damages against defendants, they may make immediate application for defendants to answer such interrogatory; and the trial may then be resumed before the same jury, where feasible, with the parties presenting such additional evidence as they see fit on the question of the amount of damages to which plaintiffs are entitled, and the jury shall then determine that question. (See, also *Raplee v City of Corning,* 6 AD2d 230 and 25 CJS, Damages, § 126 subd [3], p 1170.) (Appeal from order of Monroe Special Term compelling answer to interrogatory.) Present—Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.