OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the original determination of the town board reinstated.
 

 There is ample evidence in the record to sustain the determination of the town board finding respondent town employee guilty of each of the three charges preferred against him, to wit: that in the course of an altercation on July 25, 1974 he inflicted serious bodily injury on another town employee; that the fire at the water department garage on August 10, 1974 was either caused by his overt act or was the result of negligence on his part; and that he wrongfully refused to submit to a lie detector test when directed to do so by his supervisor. We address the latter two more serious charges briefly.
 

 
 *951
 
 As to the charge in the alternative with respect to the August 10 fire, we note that this is a disciplinary, not a criminal proceeding. There is, therefore, no necessity that the town establish which of the two mutually exclusive alternative wrongs respondent committed. The disciplinary proceeding was based on his behavior the night of the fire; respondent was on notice as to the charges against him and he cannot evade the consequences of his conduct which was wrongful in either event. There is evidence in the record to sustain the conclusion either that he started the fire or that it was caused by his negligence. On either branch, and without establishing which, the town was warranted in imposing a disciplinary penalty.
 

 As to respondent’s refusal to take the lie detector test as directed, it is his present contention, accepted at the Appellate Division, that he was under no obligation to take the test because of the unreliability of the particular equipment on which the test was to be conducted. Whether there would be merit to such a contention need not now be decided. It suffices for present purposes to note that respondent’s refusal to take the test was not predicated on this ground; at the time of his refusal he claimed that he was not obligated to take any such test, that he had a constitutional right to refuse to do so. There is no merit to such a broad assertion, and we do not understand that respondent now seriously contends otherwise. Had the ground for refusal upheld at the Appellate Division— with respect to the particular device proposed to be used— been raised in good faith at the time, the town would have had an opportunity to overcome the objection. Not having raised the issue when it could have been addressed, respondent cannot now construct the issue to sustain what was otherwise an unjustified refusal to follow the direction of his supervisor.
 

 On the basis of the charges as sustained, there is no occasion to disturb the penalty of dismissal from the town’s employment
 
 (Matter of Pell v Board of Educ.,
 
 34 NY2d 222).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order reversed, etc.