■ JESSE MAY, Appellant, v GEORGE SHAW et al., Respondents. — In a proceeding pursuant to CPLR article 78 (1) petitioner appeals (by permission) from so much of an order of the Supreme Court, Orange County, dated May 4, 1978, as held that respondent Wohlrab had jurisdiction to discipline petitioner for acts committed between his initial dismissal and' his subsequent reinstatement pursuant to court order, and (2) petitioner seeks review of a determination of respondent Wohlrab which, after a hearing, found him guilty of certain misconduct and dismissed him from the Newburgh Police Department. Order affirmed insofar as appealed from, without costs or disbursements. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Special Term correctly held that when petitioner engaged in police investigative activities while suspended, he was subject to the same standard of conduct generally required of nonsuspended police officers when they engage in police-related activities. We agree that both common sense and the dictates of public policy require that one who is seeking reinstatement to a position of public trust, with back pay and all related employment benefits, must be held accountable for any substantial breach of that trust which takes place between an earlier illegal dismissal and the date of judicial reinstatement. There was substantial evidence to support the conclusion that petitioner committed the acts charged. It was also proper to consider, and admit into evidence, the results of a polygraph test. There was substantial evidence of the reliability of the machine used, its proper functioning on the day in question, and the qualifications of the test administrator. Mollen P. J., Hopkins, Titone and Weinstein, JJ., concur. [92 Misc 2d 140.]

■ DEBORAH PESCETTI, Respondent, v JAMES MASTRODOMINICO, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County, dated May 27, 1980, which vacated and set aside the verdict in his favor on the issue of liability, after a jury trial. Order reversed, with costs, and verdict reinstated. The defendant's car, which he was operating and in which plaintiff was a passenger, left the road and struck a pole on the left hand side of the road, causing plaintiff to sustain personal injuries. Defendant testified, *inter alia,* that a dog "shot" in front of his car only a few feet away, and that he swerved to avoid hitting it. Plaintiff testified that shortly before the accident she "thought" defendant was picking up speed and asked him to slow down. She was rendered unconscious as a result of the vehicle striking the pole. Plaintiff also testified that she did not see a dog run onto the road. In its instructions to the jury the trial court included a charge that a "person faced with an emergency ánd acts without opportunity for deliberation to avoid an accident, may not be charged with negligence if he acts as a reasonably prudent person would act under the same emergency circumstances". The jury then returned a verdict in favor of defendant on the issue of liability. The trial court thereupon set the verdict aside on the ground, *inter alia,* it was unconscionable. We disagree. Since the issue of whether defendant was confronted with an emergency was a close question of fact for the jury, its verdict in favor of defendant was not "either contrary to or against the weight of evidence" (see *Becker v Beir,* 275 App Div 146, 147). Accordingly, the verdict, after trial, in favor of defendant is reinstated. Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.