■ In the Matter of ERIC G., a Child Alleged to be Abused. GLADYS R. BURLEIGN, as Deputy Commissioner of Department of Social Services of County of Orange, Respondent; FRANK G. et al., Appellants. — In a proceeding pursuant to article 10 of the Family Court Act, the appeal is from an order of the Family Court, Orange County (Mishkin, J.), dated December 9, 1982, which, *inter alia,* declared the infant to be an abused child. Order reversed, on the law and the facts, without costs or disbursements, and proceeding dismissed. The evidence presented at the fact-finding hearing was insufficient to determine whether the infant's fractured femur was the result of abuse. The infant had no other injuries or bruises and, except for the fractured femur, was in good physical condition. Appellants had no prior history of child abuse and were described as caring parents. Moreover, petitioner's expert conceded that the fracture could have occurred when one of the appellants removed the baby from the crib while his leg was caught between the crib's railings. Consequently, the Family Court's determination that the infant was an abused child was not supported by the necessary preponderance of the evidence (Family Ct Act, § 1046, subd [b], par [i]). In light of this disposition, there is no need to pass upon appellants' further contention that the results of a polygraph examination may be received for the purpose of substantiating a witness' credibility, an issue which has divided the nisi prius courts of this State (cf., e.g., *Matter of Anonymous v Anonymous,* 75 Misc 2d 823, with *Matter of Stenzel v B.,* 71 Misc 2d 719) and the courts of our sister States as well (e.g., *Kaminski v State,* 63 So 2d 339 [Fla]; *State v Edwards,* 412 A2d 983, 985 [Me]; *Commonwealth v Moynihan,* 376 Mass 468; *Fulton v State,* 541 P2d 871 [Okla]). Titone, J. P., O'Connor and Boyers, JJ., concur.

Lazer, J., dissents and votes to affirm the order appealed from, with the following memorandum: I do not agree with reversal. The allegedly abused infant was less than five weeks old when admitted to the hospital suffering from a spiral fracture of the femur. Medical testimony indicated that he could not have broken his femur on his own, that it would have taken "a good-sized force to break that leg", and that it was unlikely that the child broke his femur by getting his leg caught between the bars of the crib (the foster mother's explanation). I am particularly disturbed by the discrepancy in the foster mother's explanation of the event. While she now relies on the leg "caught in

the railing" version, she also told her lawyer that the baby was rolling while she was changing his diaper and she pulled his leg as he rolled the other way. Under these circumstances, I am disinclined to question the Family Court's reaction to the credibility issue or its over-all judgment in the case. Therefore, I vote to affirm.