■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DON H. STUEWE, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant's conviction of arson in the third degree was not against the weight of the evidence. The People established motive and opportunity to commit the crime and excluded any reasonable hypothesis that the fire was innocent in nature (*People v Feuerstein*, 74 AD2d 853). The testimony of the People's expert witnesses did not impermissibly indicate that the fire was set intentionally (*People v Grutz*, 212 NY 72, 82; *People v Vincek*, 75 AD2d 412, 416). ¶ The Trial Judge properly refused to admit in evidence the results of a polygraph examination (*People v Leone*, 25 NY2d 511; *People v Hughes*, 88 AD2d 17, 22, affd 59 NY2d 523). Other issues raised have been examined and found to be without merit. (Appeal from judgment of Erie County Court, McCarthy, J. — arson, third degree.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ HELEN C. PRIOR, Individually and as Mother and Guardian of LISA M. PRIOR, an Infant, and as Executrix of ROBERT E. PRIOR, Deceased, Respondent, v BROWN TRANSPORT CORPORATION et al., Appellants, et al., Defendants. (Appeal No. 1.) — Order unanimously reversed, on the law, without costs, defendant Brown Transport Corporation's motion granted, and plaintiff's motion denied, without prejudice, in accordance with the following memorandum: In these actions predicated upon the alleged negligence of defendants in owning and operating motor vehicles, Special Term erred in granting plaintiff's motion for pretrial discovery of defendant Brown Transport Corporation assets for the purpose of determining a basis for punitive damages against it. "Not until plaintiff obtains such a special verdict that he is entitled to punitive damages is it necessary or important for him to know defendant's wealth" (*Rupert v Sellers*, 48 AD2d 265, 272; see, also, *Varriale v Saratoga Harness Racing*, 76 AD2d 991, 992; *Vollertsen Assoc. v John T. Nothnagle, Inc.*, 48 AD2d 1007). In the event plaintiff obtains a special verdict entitling her to punitive damages, she may renew her motion for appropriate discovery in accordance with standards set forth in *Rupert v Sellers* (*supra*). (Appeal from order of Supreme Court, Erie County, Joslin, J. — protective order, EBT.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ JOSEPH S. SHIVINSKY, as Administrator of the Estate of MARY SHIVINSKY, Deceased, Respondent, v BROWN TRANSPORT CORPORATION et al., Appellants, et al., Defendants. (Appeal No. 2) — Order unanimously reversed, on the law, without costs, defendant Brown Transport Corporation's motion granted, and plaintiff's motion denied, without prejudice, in accordance with the same memorandum as in *Prior v Brown Transp. Corp.* (Appeal No. 1.) (103 AD2d 1042). (Appeal from order of Supreme Court, Erie County, Joslin, J. — protective order.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.