OPINION OF THE COURT
Memorandum.
In each case, the order of the Appellate Division should be affirmed.
Defendants each contend that the selection of grand and *1017 petit jurors in Steuben County from a cross-section of one of three "jury districts”, rather than from the county-at-large, constituted a violation of Judiciary Law article 16.
In 1904, the Steuben County Board of Supervisors divided the county into three jury districts pursuant to legislation explicitly providing the board with such powers. (See, L 1892, ch 686, § 12 [14]; L 1902, ch 119.) In 1942, the enabling legislation was repealed, but no provision was made for the abolition of those already existing jury districts which had been lawfully created under the former law. (See, L 1942, ch 799, § 20; see generally, People v Wood, Steuben County Ct, Sept. 18, 1979 [Purple, J.].) Indeed, absent clear reference in the 1942 legislation to existing jury districts, explicit or implied, and absent necessary conflict between that legislation and the continued existence of those districts, their legitimacy will not be deemed to have been affected or impaired. (See, General Construction Law § 93; McKinney’s Cons Laws of NY, Book 1, Statutes § 391; cf. People v Johnson, 110 NY 134, 140.)
Likewise, subsequently enacted provisions of the Judiciary Law, upon which defendants specifically rely, did not invalidate Steuben County’s continued use of its lawfully created jury districts. Judiciary Law article 16, enacted in 1977, requires that "grand and petit juries [be] selected at random from a fair cross-section of the community in the county or other governmental subdivision wherein the court convenes(§ 500 [emphasis added].) There is no unequivocal requirement that juries be drawn from a pool of residents from throughout the entire county wherein the court convenes and, moreover, there is no provision in any section of article 16 clearly expressing or implying a legislative mandate that any existing jury district system, previously established pursuant to prior legislation, be abolished. (See, e.g., §§ 506, 514, which require that jurors be drawn from lists of qualified individuals residing in the county, but do not unambiguously mandate that the lists be countywide.)
Further, neither defendant has demonstrated that the grand or petit jurors were selected from a group unrepresentative of a fair cross-section of the community, or that a particular segment of the community was deliberately excluded. Hence, there is no merit to their respective constitutional claims. (See, People v Guzman, 60 NY2d 403, 409-410, cert denied 466 US 951; People v Parks, 41 NY2d 36, 42-43.)
 Additionally, in People v Shedrick (Robert), it cannot *1018 be said that the People’s prime witness was incredible as a matter of law and, therefore, it was for the jury to determine whether to believe or disbelieve his testimony. (People v Buchalter, 289 NY 181, 201; People v Cohen, 223 NY 406, 423.) Nor was it reversible error for the court to exclude results of a polygraph examination offered by defendant to indicate his own belief in his innocence. The reliability of the polygraph has not been demonstrated with sufficient certainty to be admissible in this State. (People v Tarsia, 50 NY2d 1, 7; People v Leone, 25 NY2d 511, 517.)
Moreover, in People v Shedrick (Wanda), defendant was not denied due process by the trial court’s refusal to admit evidence of a police scheme to place an informant in Robert Shedrick’s cell for the purpose of obtaining information. No such information was obtained and nothing resulting from the attempt was sought to be introduced by the People. Evidence of that scheme, sought to be introduced by defendant, was purely collateral to the issues at trial and was properly excluded by the court. (See, People v Davis, 43 NY2d 17, 27.) Furthermore, the verdict was sufficiently supported by the People’s prime witness whom the jury apparently chose to believe (People v Ohanian, 245 NY 227, 230) and whose testimony, as an accomplice connecting defendant with commission of the crimes in question, was substantially corroborated by real evidence and the testimony of other witnesses. (See, People v Daniels, 37 NY2d 624, 629-630.)
We have examined the remaining contentions of each defendant and find them to be without merit.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
In each case: Order affirmed in a memorandum.