*416 OPINION OF THE COURT
Jeffry H. Gallet, J.
The respondent father in this child protective proceeding moves for the admission into evidence of expert testimony regarding certain polygraph examinations. The motion is opposed by both the petitioner, the Brooklyn Society for the Prevention of Cruelty to Children, and the children’s Law Guardian.
QUESTION
Is expert testimony in reference to the results of polygraph examinations admissible in child protective proceedings?
FACTS OF THE CASE
The respondent, an estranged husband, is accused of sexually abusing his two young daughters during his visitations with them. The children were unable to testify under oath and their hearsay statements were admitted under the hearsay exception of Family Court Act § 1046 (a) (vi). The testimony was adequately corroborated and a prima facie motion was denied.
This is a particularly complicated case. The court has already heard six medical witnesses and expects to hear several more. The experts have disagreed and it is unlikely that medical testimony will be dispositive of the issues sub judice. Additionally, the testimony of the children, their parents and their extended family must be judged against the background of the marital dispute between their parents.
STIPULATED FACTS OF THE MOTION
Without a concession as to the admissibility of the polygraph evidence, the parties agreed that the following submitted facts would be proved if a "Daniels hearing” had been held. (See, People v Daniels, 102 Misc 2d 540.) The respondent and two others who were accused by the children of participating in their abuse were administered polygraph examinations by competent and experienced examiners using proper equipment and procedures. All three will testify prior to the polygraph evidence being offered.
It was agreed that there has been no significant change in polygraph technology since the leading polygraph decisions in this State. (See, People v Stuewe, 103 AD2d 1042, lv denied 63 *417 NY2d 680; People v Tarsia, 50 NY2d 1; People v Leone, 25 NY2d 511.) The polygraphers would offer testimony that the tests as administered by them have a 90% probability of accuracy. Richard Issac, a professor of mathematics at the City University of New York, who specializes in statistics, would offer testimony that, presuming a 90% accuracy of each test the probability of all three tests being inaccurate is 1 in 1,000 and, presuming an 80% accuracy, the probability of inaccuracy is 8 in 1,000.
THE LAW
In 21 States polygraph evidence is not admissible in any circumstance. In 22 States polygraph examinations are admissible only on stipulation. Four States, Louisiana, Massachusetts, Michigan and New Mexico, generally admit polygraph evidence; and one State, Idaho, admits polygraph evidence only in child protective proceedings. (See, Matter of X, — Idaho —, 714 P2d 13 [Sup Ct].)
In New York, polygraph evidence has generally been excluded. (People v Leone, supra; People v Tarsia, supra; People v Stuewe, supra.) However, the exclusion has not been absolute. Our appellate courts have endorsed the use of polygraph evidence in administrative hearings before them for review. (May v Shaw, 79 AD2d 970; Matter of McGinigle v Town of Greenburgh, 59 AD2d 908, revd 48 NY2d 949.) Additionally, several trial courts have admitted polygraph evidence on stipulation or under special circumstances. (Matter of Stenzel, 71 Misc 2d 719; People v Daniels, supra; Zinn v Bernic Constr., 99 Misc 2d 510; Walther v O’Connell, 72 Misc 2d 316.)
CHILD PROTECTIVE PROCEEDINGS
The exclusory rule in this State evolved in criminal cases. Those cases differ from child protective proceedings in two significant ways. The first is that a case against a criminal defendant must be proved beyond a reasonable doubt by evidence stringently tested by a strict application of the rules of evidence. The case against a respondent in a child protective proceeding need only be proved by a preponderance of the evidence presented (Family Ct Act § 1046 [b] [i]), and the traditional rules of evidence are significantly relaxed. (See, Family Ct Act § 1046.)
Indeed, in many child protective proceedings, including this one, the most damaging evidence a respondent must face is *418 hearsay or unsworn testimony of the subject child admitted under Family Court Act § 1046 (a) (vi). Although the child’s testimony must be corroborated by other evidence (Family Ct Act § 1046 [a] [vi]), the quantum of corroboration is relatively low and substantially lower than required in the criminal courts. (See, Family Ct Act § 1012 [e] [iii]; § 1046 [a] [vi]; and compare, Matter of Cindy JJ., 105 AD2d 189; Matter of Michael G., 129 Misc 2d 186; Dutchess County Dept. of Social Servs. v Bertha C., 130 Misc 2d 1043, with People v Watson, 45 NY2d 867; People v Ahlers, 98 AD2d 821.)
The second difference is that the criminal cases are jury trials while child protective proceedings are tried without a jury. The Court of Appeals in Leone (supra), the leading case on polygraph evidence, in excluding the evidence, emphasized the danger that evidence of a polygraph test, commonly known as a "lie detector”, will be given undue weight by a jury. There is considerably less danger of undue weight during a bench trial.
The mere fact that a case is tried without a jury is not a basis for the admission of evidence, such as hearsay, which is otherwise inadmissible. (Matter of Leon RR, 48 NY2d 117; Dann v Sands, 38 AD2d 661, appeal dismissed 30 NY2d 944.) Polygraph expert testimony, in contrast to hearsay, is not inadmissible per se. The admissibility of expert testimony, without a specific proscription by statute or appellate ruling, is left to the discretion of the trial court. (De Long v County of Erie, 60 NY2d 296, 307; Selkowitz v County of Nassau, 45 NY2d 97.)
A careful reading of the applicable statutes and case law discloses no prohibition to the admission of polygraph evidence in a child protective proceeding. We note that the Leone court specifically applied its ruling to "criminal law.” Furthermore, the Appellate Division, Second Department, in Matter of Eric G. (99 AD2d 835) appears to have intentionally left the door open to the admission of polygraph evidence in an appropriate case.
FINDINGS OF FACT
After reading the considerable factual material submitted pursuant to stipulation, including the affidavits of the two polygraphers and Professor Issac and the article, Validity and Reliability of Detection of Deceptors, by Drs. Raskin, Barland and Podlesny (6 Polygraph 1, at 1-40), and the discussion of *419 the science of polygraphy in People v Daniels (102 Misc 2d 540, supra) and People v Vinson (104 Misc 2d 664), I find that under the circumstances of this case, the polygraph experts will be able to testify with a considerable degree of accuracy as to the results of the polygraph examinations.
The statistical analysis is of limited value. It is entirely possible, under the particular facts of this case, that the two nonparty polygraph exam takers may be telling the truth and the respondent is guilty of child abuse.
While not dispositional of the issues of the proceeding, the polygraph evidence being offered appears no less reliable or helpful than the psychiatric and psychological "validation” evidence which is finding wide acceptance in child protective proceedings. (Matter of Carew, 131 Misc 2d 835; Dutchess County Dept. of Social Servs. v Bertha C., supra; Matter of Michael G., 129 Misc 2d 186, supra; Matter of Tara H., 129 Misc 2d 508.) The proffered expert testimony will inform the court of the test subject’s involuntary bodily reactions when asked specific questions, information which the court, as trier of the facts, could neither obtain nor interpret otherwise. Along with the myriad of other "soft evidence” admitted in child protective proceedings, the polygraph evidence may be assigned an appropriate weight under the circumstances.
DECISION
In each child protective proceeding, the court must balance the due process rights of the defendant with the court’s statutory responsibility to protect the subject children who are incapable of self-protection. (Family Ct Act § 1011; Matter of Cecilia R., 36 NY2d 317; Matter of Raymond Dean L., 109 AD2d 87; Matter of S. Children, 102 Misc 2d 1015.) Because of the unique problems which arise from the fact that a young child is frequently the only witness to an act of child abuse or neglect and the potentially draconian results of either an erroneous finding of abuse against a parent or an erroneous dismissal, both the Legislature and the courts have broadened the rules of evidence in child protective proceedings to permit the trial court to receive relevant evidence which would not be admissible in other litigations. (Family Ct Act § 1046; Matter of Victoria SS., 108 AD2d 989; Matter of Tara H., supra.)
A respondent in a child protective proceeding is entitled to due process. (Family Ct Act § 1011; Matter of Hanson, 51 *420 AD2d 696.) However, the definition of due process is elusive. It requires "fundamental fairness” which can only be reached "by first considering any relevant precedents and then by assessing the several interests that are at stake.” (Lassiter v Department of Social Servs., 452 US 18, 25.)
Under the unique combination of circumstances present in child protective proceedings, this court reaches the conclusion that due process and fundamental fairness require the admission of expert polygraph testimony. (See, Matter of X, — Idaho —, 714 P2d 13, supra.)