OPINION OF THE COURT
John S. Parker, J.
The Lewis County Commissioner of Social Services here petitions the court for a finding of child abuse alleging that the respondent has sexually abused his daughter by commission of a sex offense as defined in the Penal Law (Family Ct Act § 1012 [e] [iii]).
Two of the witnesses presented by the petitioner allegedly *90 witnessed such act or acts, they being the child against whom the acts were directed and the child’s mother. The child, now age 16, has testified that the most recent of the acts took place in the family kitchen in August of 1985. It is alleged that the respondent, on that occasion, while his daughter was fully clothed, touched her in the crotch area and on both breasts. On direct examination the child’s mother, also being the respondent’s estranged wife, testified that she witnessed this occurrence and did see the respondent touch the child in the crotch area and on both breasts. On cross-examination the mother recanted her testimony and indicated that she did not witness the respondent touching the child on the breasts but did see him touch the child’s "crotch”. Additional testimony of the child indicated that the respondent, when she was 12 years old, did attempt to have sexual intercourse with her though stopped when she screamed. The child has also testified that the respondent, on many occasions, did have sexual contact with her by touching her on the breasts or vaginal area. This allegedly occurred between the ages of 12 and 15 though no particular incidents were described. Though there were other previous incidents set forth in an unsworn deposition eventually given to the police and in a bill of particulars, there was no testimony presented, nor were said acts corroborated by any other witness, and are thus not considered further (Family Ct Act § 1046 [a] [vi]).
The alleged acts considered by the court occurred on or after the child’s 12th birthday (May 15, 1982) through August of 1985. The child, following the August 1985 incident, apparently disclosed the prior incidents to her mother. Having previously discussed grounds for divorce in New York with her attorney, the mother then had her attorney interview the child regarding the abuse allegations. In September of 1985 the acts of abuse became the foundation for a divorce complaint served upon the respondent.
In March 1986, following the parents’ separation in January 1986, a breach of the peace incident occurred necessitating State Police intervention. As the police were thus available the child determined it an appropriate time to disclose the alleged acts of sexual abuse. This she did by unsworn deposition dated March 17, 1986. On April 11, 1986, the State Police investigator forwarded a report of suspected child abuse to the Central Registry in Albany, New York. There was a subsequent investigation by the Lewis County Department of Social Services Child Protective Services resulting in this petition.
*91 The respondent has categorically denied all allegations of sexual abuse. He has testified that on September 21, 1984 he was injured at his employment and has not returned to work since. He has used a cane for the past IY2 years. In particular he has testified that he has never had sexual intercourse with his daughter and that regarding the alleged August 1985 incident, never touched his daughter’s breasts or crotch area. He denies being slapped by his wife on that, or any other occasion. It should here be noted that in the statement given to the New York State Police the child stated that her mother “slapped” him on the arm real hard while both the mother and daughter testified at this hearing that she slapped him on the face and left a hand print. Respondent also testified that he was at no time confronted with the sexual abuse allegations until the divorce summons and complaint were served upon him and that his wife and daughter later told him that “they needed a reason” (for the divorce).
As the testimony heard by this court is diametrically opposed it is difficult to determine where credibility best fits. However, the issue of child abuse must be determined by placing the burden of proof upon the petitioner as to the allegation of Penal Law violation contained in the petition. As the alleged charges fall within the confines of Penal Law § 130.55 (sexual abuse in the third degree), this the petitioner must prove by no less than a fair preponderance of the evidence. Though the court is unable to conclude that the acts did or did not in fact happen it nevertheless can conclude that acts constituting a violation of Penal Law § 130.55 have not been shown by a fair preponderance of the evidence. This conclusion is based upon the failure of the child, and more particularly the child’s mother, to report the acts promptly to a proper authority; the variations between the testimony of the mother and child and the written deposition given the police; the interest that both the mother and child had in pursuing a divorce proceeding; the physical limitations of the respondent due to his physical disability; the recantation during the mother’s testimony; the failure of the 16-year-old child to respond forthrightly and without hesitation while testifying; and the fact that the respondent’s testimony did not alter with cross-examination.
At the close of testimony respondent’s counsel moved to allow additional proof in the form of polygraph evidence to be presented following polygraph testing of the respondent. The offer was made regardless of whether the subsequent testing *92 be favorable or unfavorable to the respondent. The motion was opposed by the petitioner. Though in a recently published lower court decision (Matter of Meyer, 132 Misc 2d 415 [Kings County, Fam Ct, Gallet, J.]) polygraph evidence was admitted in a similar matter, I do not find it to be the law of this forum or, more particularly, the Appellate Division, Fourth Department. Such evidence is generally perceived to lack the scientific certainty sufficient to warrant its judicial acceptance in criminal matters (People v Forte, 279 NY 204; People v Leone, 25 NY2d 511; People v Tarsia, 50 NY2d 1). This exclusion is not absolute. Polygraph results have been admitted pursuant to stipulation of the parties (Zinn v Bernic Constr., 99 Misc 2d 510; Walther v O’Connell, 72 Misc 2d 316) and in administrative hearings (May v Shaw, 79 AD2d 970; Matter of McGinigle v Town of Greenburgh, 59 AD2d 908, revd 48 NY2d 949). The exclusion had been upheld in civil contempt proceedings (Pereira v Pereira, 35 NY2d 301). With certain procedural safeguards, polygraph evidence was admitted in People v Daniels (102 Misc 2d 540 [Sup Ct, Westchester County 1979]). However, this case apparently has never been cited with approval by an appellate court. More importantly, the Fourth Department of the Appellate Division has specifically rejected the Daniels case (People v Shedrick, 104 AD2d 263 [1984]). As this particular matter is, except for the standard of proof, closely related to a criminal proceeding in that a Penal Law violation must be proved, polygraph evidence must be excluded until such time as it can be shown as scientifically certain. No such proof has been offered.
As the petitioner has failed to prove by a preponderance of the evidence that the respondent committed a sex offense as defined in the Penal Law, and having not presented evidence to support the allegation of neglect as contained in paragraph 6 of the petition, the petition is hereby dismissed.