■ In the Matter of MICHAEL SMITH. COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, Appellant; JAMES SMITH, Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from an order of the Family Court, Queens County (De Phillips, J.), dated November 3, 1986, which, after a hearing, dismissed the petition against the respondent father and vacated a temporary order of protection issued previously by the same court. (The names used herein are the fictitious ones utilized in the report of the decision of the Family Court at 133 Misc 2d 1115.)

Ordered that the order is affirmed, without costs or disbursements.

On or about February 4, 1986, a child abuse petition was filed by the Commissioner of the New York City Department of Social Services (hereinafter the DSS), alleging that the respondent had on one or more occasions inserted his finger, penis and/or another object into or near his 4½-year-old son Michael's anus, had masturbated the child and encouraged him to masturbate the respondent and had engaged in mutual

touching with the child of each other's private parts while sleeping and/or bathing together.

At the fact-finding hearing Michael testified in camera as to the alleged abuse, the most violent of which involved the placing of a stick up his anus by the respondent, and his mother testified as to statements made to her by the child in regard to these acts allegedly committed by her estranged husband. Additionally, social worker Agnes Wohl, who was assigned by DSS to validate certain sex abuse charges made by the mother in November 1985, testified that Michael's behavior and certain statements made to her convinced her that he had been abused by the respondent. A pediatrician who had examined Michael after the mother had discovered reddening in or around his anus testified that the symptoms could have been caused by a foreign object being placed in his anus but they could also have been caused by chronic bedwetting, or diarrhea or constipation. While the mother advised the doctor that Michael did not have a bedwetting problem, this was in contradiction to her testimony at the hearing and that of the social worker.

The respondent testified on his own behalf and denied the allegations in the petition. A psychiatrist who had interviewed both Michael and the respondent before and after the November 1985 abuse allegation, testified that the father-son relationship was warm, sensitive and caring with no evidence of sexual abuse. He also opined that 4½-year-old children are very suggestible and, especially in volatile divorce settings, often try to please a parent out of an overriding fear of abandonment. Further, he pointed to recent studies which had found a high percentage of sexual abuse allegations in divorce and custody proceedings to be false. The psychiatrist did not see Michael following the date the instant petition was filed in February 1986. Michael's teacher also testified that he had shown no signs of aggression or withdrawal at school in contrast to the testimony of the social worker as to his behavior. The teacher, however, last saw Michael on the day of the reporting of the stick incident, as the mother took him out of this school on that date. Lastly, a social worker colleague of the respondent's testified that she had been in the company of the respondent and Michael on the morning after the alleged stick incident and found his appearance and behavior to be normal, with no sign of fear or apprehension around his father.

It was agreed by both Ms. Wohl, the social worker who found abuse, and the psychiatrist that a person who would

commit a violent act of abuse against his child during the time an investigation was taking place, as was alleged to have occurred here, would demonstrate extremely poor impulse control and would, according to the psychiatrist, possibly be psychotic. Yet in his year-long sessions with the respondent he observed none of these qualities in him.

Based on this evidence, the court concluded that the allegations of sexual abuse were not supported by a preponderance of the credible evidence (see, Family Ct Act § 1046 [b] [i]; Matter of Hofbauer, 47 NY2d 648). In a lengthy and well thought out opinion, the court pointed out the weaknesses of the appellant's case in light of the volatile nature of the divorce proceedings, the unemotional and one-dimensional recitation of the abuse allegations by the child, the seeming disposition of social worker Wohl and the mother to find abuse and the long and possibly contaminated validation process undertaken by that social worker. The court also pointed out that social worker Wohl, alone of all the professionals who had dealt with Michael, found him to be aggressive and regressive. It reasoned that her description of him as an "angry little boy" could be best explained by his severe separation anxiety which had been diagnosed by all the professionals, his removal from school after the petition, and the denial of access to his father. The court also credited the respondent's testimony and that of the psychiatrist who spoke of the father-son relationship in glowing terms. Further, the court found the testimony of both the respondent's colleague and Michael's school teacher as to his appearance on the day of the alleged abuse to be inconsistent with the severity of the allegations. Lastly, the court, after examining the psychiatrist's testimony regarding the respondent's emotional makeup, found it unbelievable that he would abuse his son during the investigation.

In any abuse proceeding the court must remain cognizant of the constitutional due process and privacy rights of a parent to raise his or her child free from undue governmental interference (see, Matter of T. Children, 123 AD2d 390). However, we also cannot lose sight of the countervailing, overwhelming State interest in protecting and promoting the best interest and safety of children. " 'Of paramount importance are the best interests and welfare of the children' " (supra, at 393; see, Matter of Dara R., 119 AD2d 579).

With these principles in mind and after a careful review of the record, we are in agreement with the hearing court's findings and conclusion that the allegations were not proven

by a preponderance of the credible evidence *(see,* Family Ct Act § 1046 [b] [i]). Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.