■ In the Matter of ARYEH-LEVI K. et al. CARYN K., Respondent; MARTIN K., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the stepfather appeals from a fact-finding order of the Family Court, Queens County (De Phillips, J.), dated March 20, 1986 which, after a

hearing, sustained the petitioner's allegations of sexual abuse and neglect.

Ordered that the order is affirmed, without costs or disbursements.

The evidence adduced by the petitioner sufficed to prove the allegations by the requisite preponderance of the evidence *(see,* Family Ct Act § 1046 [b] [i]). After the court conducted an in camera interview with the appellant's five-year-old stepdaughter, it concluded that she was competent to testify, although she was incapable of being sworn. Her unsworn testimony detailing her stepfather's acts of sexual abuse against her was properly deemed credible. Such unsworn testimony alone could have been sufficient to support a prima facie case of sexual abuse *(see, Matter of Fawn S.,* 123 AD2d 871). However, additional corroborative evidence offered through medical testimony that the child had an enlarged vaginal and hymenal opening unusual for a child of her age similarly supported the allegations *(see, Matter of Kimberly K.,* 123 AD2d 865).

Each of the evidentiary rulings now challenged by the appellant was entirely proper. The denial of his application for a second examination of the child by his own expert was properly denied as untimely, since that request was first made approximately one month after the petitioner's case had been completed and just as the appellant was due to commence his case. The court's rejection of the proffered expert testimony regarding the appellant's lack of any psychosexual disorder constituted a proper exercise of the court's discretion *(see, People v Cronin,* 60 NY2d 430, 433), in light of the limited probative value of that testimony. The rejection of polygraph results was similarly proper *(see, People v Shedrick,* 66 NY2d 1015, 1018). Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.