OPINION OF THE COURT
Barry A. Cozier, J.
This child abuse proceeding was commenced on January 13, 1988 pursuant to article 10 of the Family Court Act, with the *732 filing of a petition alleging that respondent has on various occasions had sexual intercourse with his 14-year-old daughter Jazmín.
Prior to the commencement of the fact-finding hearing, respondent moved on written papers for an order to admit into evidence the results of an exculpatory polygraph examination, which was voluntarily administered to respondent on January 19, 1988. In the alternative, respondent requests that the court grant a pretrial evidentiary hearing concerning the scientific reliability and probative value of the polygraph examination in issue. It is undisputed that respondent submitted to said examination in the absence of an order of this court, stipulation by the parties or on prior notice to petitioner.
The issue before the court is whether the results of a polygraph examination are admissible in evidence at the fact-finding hearing in the instant child abuse proceeding.
Respondent movant contends that the polygraph is now a scientifically accepted method establishing an individual’s veracity and that the polygraph results should be received in evidence based on the nature of the sexual abuse allegations against respondent, the lack of eyewitnesses and the subject child’s possible motives for making the underlying accusations. Citing May v Shaw (79 AD2d 970 [2d Dept 1981]) respondent asserts that the Appellate Division "has clearly held” that it is proper to consider and admit into evidence the results of a polygraph test where, on a case-by-case basis, the reliability of the polygraph machine, its proper functioning on the day in question and the qualifications of the test examiner can be shown. In his memorandum, respondent also cites the following cases, inter alia, in support of his application herein: People v Leone (25 NY2d 511 [1969]), People v Daniels (102 Misc 2d 540 [1979]), Matter of Meyer (132 Misc 2d 415 [1986]), and Matter of Smith (133 Misc 2d 1115 [1986], affd 128 AD2d 784 [2d Dept 1987]). Petitioner Commissioner of Social Services and the Legal Aid Society as Law Guardian filed memoranda of law in opposition to respondent’s motion.
The court finds that the results of respondent’s polygraph examination are inadmissible in this child abuse proceeding.
THE NEW YORK RULE
In the absence of express statutory authority in either the Family Court Act, Criminal Procedure Law or Civil Practice *733 Law and Rules, governing the admissibility of polygraph test results, the court must rely upon the relevant case law.
In People v Leone (supra), the Court of Appeals held that the results of a polygraph test are inadmissible in criminal cases. The court found that, despite the increased frequency in the use of polygraphs as instruments intended to detect deception, their reliability and accuracy had not been adequately established to afford them general scientific recognition or acceptance. Further, the court noted that its holding was consistent with the general rule followed in most jurisdictions, refusing to accept the results of a polygraph test as probative evidence of truth or deception.
The Court of Appeals later extended its ruling in Leone (supra) to civil proceedings, holding that the reliability of polygraph tests had not been sufficiently established to justify their admission into evidence in a civil contempt proceeding. (Pereira v Pereira, 35 NY2d 301 [1974].) The court in Pereira found that no demonstrable evidence existed to support the reasonable accuracy and general scientific acceptance of polygraph tests; in addition, the examiner had not been sufficiently trained to warrant the admission of his interpretation of the test results.
In People v Vinson (104 Misc 2d 664 [1980]), the Supreme Court, Westchester County, relying upon Leone (supra) and Pereira (supra) denied defendant’s motion to admit the results of a polygraph test into evidence. The Vinson court heard testimony from three expert witnesses who detailed the workings of the polygraph machine itself and the factors to be considered in evaluating the test results. Even recognizing that certain refinements had taken place over the years in the field of polygraph examination, the court found that it was not sufficiently established to give it evidentiary standing.
In 1985, reaffirming its ruling in Leone (supra), the Court of Appeals held that it was not reversible error for the trial court to exclude results of a polygraph examination offered by defendant to demonstrate his innocence, since the reliability of the polygraph had not been demonstrated with sufficient certainty to be admissible in New York. (People v Shedrick, 66 NY2d 1015 [1985].)
CHILD PROTECTIVE PROCEEDINGS
In Matter of Meyer (132 Misc 2d 415, supra), the respondent in a child abuse proceeding moved for admission into evidence *734 expert testimony regarding certain polygraph examinations. The Family Court, Kings County, held that expert polygraph testimony, in contrast to hearsay, is not inadmissible per se inasmuch as the admissibility of expert testimony, absent specific proscription by statute or appellate ruling, is left to the discretion of the trial court.
The Meyer court, while acknowledging that polygraph evidence has generally been excluded in New York, found that: (1) in contrast to criminal cases where the evidentiary standard is proof beyond a reasonable doubt, in child protective proceedings, the traditional rules of evidence are "significantly relaxed” and the standard of proof is only a preponderance of the evidence presented, citing Family Court Act § 1046; and (2) the danger of juries giving undue weight to polygraph evidence in criminal cases is considerably less in child protective proceedings tried without a jury. In addition, the court noted that the polygraph evidence offered appeared no less reliable or helpful than the psychiatric or psychological , "validation” evidence finding increased acceptance in child protective proceedings. The court concluded that expert polygraph testimony is admissible in child protective proceedings and may be assigned appropriate weight under the circumstances.
The court finds the Meyer decision (supra) neither persuasive nor controlling in determining the instant application. It is the quality and reliability of polygraph evidence that is critical in assessing its probative value in a child abuse proceeding, rather than distinctions based on the applicable standard of proof or the weight of such evidence in jury versus nonjury trials. Family Court Act § 1046 (b) (ii) provides that the evidence in a fact-finding hearing under article 10 must be competent, material and relevant.
In Matter of Smith (133 Misc 2d 1115, supra), the Family Court, Queens County, denied the oral application by respondent for admission of the results of a polygraph test administered at his request, without prior court approval and without stipulation by the other parties. The court, in adhering to the rule enunciated in People v Leone (25 NY2d 511, supra), found that polygraph evidence does not possess the requisite degree of reliability to permit admissibility as. a general rule, particularly given the unique nature of child protective proceedings.
The Smith court rejected the "blanket” admissibility approach of Matter of Meyer (supra), finding reliability to be the critical factor in determining admissibility in child protective *735 proceedings, which mandate every reasonable precaution by the court in balancing the need to protect children and simultaneously afford the respondent fundamental due process. The court in Smith (supra) suggested that polygraph test results may be admissible, if such evidence were offered in the context of circumstances which heighten their reliability to a degree sufficient to warrant admissibility and placement in the record. Specifically, the court found that polygraph evidence may be admissible "when obtained pursuant to court order or on stipulation of the parties and in conjunction with a psychological or psychiatric profile of the respondent”, thereby comporting with due process and fundamental fairness to respondent and advancing the policy underlying Family Court Act article 10 proceedings. (Supra, at 1118-1119.)
This court fully concurs with the court in Smith, (supra) which opined that in child protective proceedings, "validation” evidence may not be equated with polygraph evidence with respect to scientific consensus, reliability and efficacy. Unlike the polygraph, which is advanced by respondent as a scientific test capable of distinguishing between truth and deception, the validation interview is conducted by a psychiatrist, psychologist or other qualified expert who assesses the truth of statements by a subject child in child abuse proceedings. The reliability of the validation interview depends upon the ability of the expert "validator”, who is fully subject to cross-examination at trial concerning the underlying evidence.
Further, this court notes that while Family Court Act § 1046 (a) (vi) expressly authorizes the introduction into evidence of previous out-of-court statements by a child relating to allegations of abuse or neglect, such statements may not be the sole basis for a finding of abuse or neglect, absent further corroboration. Because the subject of a validation interview is the child, such evidence may constitute corroboration in child sexual abuse proceedings tending to support the reliability of the child’s previous statements. As stated by the Family Court, Westchester County, in Matter of Tara H. (129 Misc 2d 508, 514-515 [1985]): "Where the expert validator confirms the child’s out-of-court statements, the validation interview merits consideration as corroborative evidence. The weight to be given the interview as corroboration would depend upon the strength of the validation. Such a validation interview constitutes 'additional evidence of a different character to confirm the same point’ and 'tends to confirm and strengthen the *736 testimony of the witness’ coming within the accepted definition of corroboration.”
In addition to its affirmance in Matter of Smith (supra), the Appellate Division, Second Judicial Department, has recently affirmed a ruling by the Family Court, Queens County, rejecting the results of a polygraph examination offered by respondent in an article 10 child abuse proceeding. (Matter of Aryeh-Levi K., 134 AD2d 428 [2d Dept 1987].) The Appellate Divison in Aryeh-Levi K. cited as controlling authority People v Shedrick (66 NY2d 1015, supra), wherein the Court of Appeals also held that the trial court need not hold a hearing to determine the admissibility of polygraph test results.
The court concludes that the results of a polygraph examination may, in the court’s discretion, be admitted into evidence in a child abuse proceeding where the procedural safeguards set forth in Matter of Smith (supra) are adhered to. Applying the Smith criteria to the instant matter the court finds insufficient indicia of reliability to warrant admission of respondent’s polygraph results, and, accordingly, respondent’s motion is denied in its entirety. The matter remains on the calendar for a fact-finding hearing.