OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
At the pre-fact-finding stage of this child protective proceeding initiated pursuant to article 10 of the Family Court Act, the respondent moves for an order "permitting [him] to undergo a polygraph examination * * * by any expert in this field chosen by the petitioner and/or court and the results of same be admitted at the hearing”.
The application is opposed by the Law Guardian represent *47 ing the subject child and the Commissioner of Social Services, the petitioner herein.[1]
The motion must be denied since, as made, it seeks an order admitting opinion evidence ab initio without affording the respective parties hereto the opportunity to challenge the qualifications or cross-examine the witness.
Moreover, the motion must also be denied because "[t]he reliability of the polygraph has not been demonstrated with sufficient certainty to be admissible in this State.” (People v Shedrick, 66 NY2d 1015, 1018.)
Despite this seemingly definitive resolution of the status of the polygraph in New York, the respondent urges this court to engraft an exception for child protective proceedings, relying primarily on People v Daniels (102 Misc 2d 540) and Matter of Meyer (132 Misc 2d 415).
In People v Daniels (102 Misc 2d 540, 547, supra), the Supreme Court, Westchester County, stated, inter alia, "the judiciary can no longer afford to disregard such evidence by merely denouncing it for failing to meet the standard of general acceptance”.
And yet, that is exactly what the Court of Appeals did, six years later, in Shedrick (supra).[2] Furthermore, Daniels (supra) was, of course, a criminal proceeding so that its holding can hardly have special relevance to child protective proceedings.
Even Matter of Meyer (132 Misc 2d 415, 416, supra) is distinguishable since there the Family Court’s decision to hold a so-called Daniels hearing occurred in the middle of the fact-finding hearing, at a time when the court had heard several medical witnesses and felt constrained to conclude that "it is unlikely that medical testimony will be dispositive of the issues sub judice. ”
More importantly, this court strongly disagrees with the holding in Meyer (supra). The Meyer court noted that "A careful reading of the applicable statutes and case law discloses no prohibition to the admission of polygraph evidence in a child protective proceeding.” (Supra, at 418.)
*48 But the same could be said of multitudinous judicial proceedings and actions where the issue has not been directly raised. The proscription against the admissibility of the polygraph emanates not from the nature of the judicial action or proceeding but from the lack of demonstrated reliability of the polygraph itself. (People v Shedrick, supra.)
This court must also respectfully take issue with the learned Family Court Judge who authored Meyer (132 Misc 2d 415, 418, supra) when he said: "Furthermore, the Appellate Division, Second Department, in Matter of Eric G. (99 AD2d 835) appears to have intentionally left the door open to the admission of polygraph evidence in an appropriate case.”
The fact is that Eric G. (supra) was decided on other grounds. And the only "intent” that can be ascertained from Eric G. was the intent not to reach the issue of polygraph evidence at all.
Furthermore, in Matter of Aryeh-Levi K. (134 AD2d 428), the Appellate Division, Second Department, held that the rejection of polygraph results in a child protective proceeding based on alleged sexual abuse was proper. In its ruling, the court cited People v Shedrick (supra).
The Meyer court draws an analogy between the reliability of validation evidence and that offered by polygraph evidence. But that analogy must be rejected. Validation testimony has been accepted as a viable fact-finding tool in child protective proceedings. (Matter of Nicole V., 71 NY2d 112.) Polygraph evidence has been flatly rejected in sweeping language by the State’s highest court. (People v Shedrick, supra.)
In Matter of Smith (133 Misc 2d 1115, 1117), the Family Court, Queens County, refused to accept the " 'blanket’ admissibility approach indorsed in Matter of Meyer”. Smith also stated that polygraph evidence is not admissible "as a general rule” (Matter of Smith, supra, at 1118). That court concluded that polygraph evidence may be admissible when offered "pursuant to court order or on stipulation of the parties and in conjunction with a psychological or psychiatric profile of the respondent” (Matter of Smith, supra, at 1118-1119). The Judge in Smith reasoned that the psychiatric or psychological evaluation of the respondent would enhance the reliability of the polygraph evidence. Since the proffered evidence in Smith was offered without meeting the above criteria, it was rejected.
While Smith (supra) was affirmed by the Appellate Division, *49 Second Department, the court did not discuss the issue of the admissibility of the proffered polygraph evidence. (128 AD2d 784.)
The holding and reasoning in Matter of Smith (supra) was cited with approval by another Family Court Judge in Matter of Jazmin M. (139 Misc 2d 731).
Notwithstanding the well-written, thoughtful opinions of the distinguished Judges in Smith (supra) and Jazmin M. (supra), this court must respectfully disagree insofar as these cases contemplate the possible admission of polygraph evidence on the basis of "procedural safeguards” and psychological or psychiatric profiles. (Matter of Smith, supra, at 1119.)
As the court conceded in Smith (supra), the polygraph is the product of science, a product that our State’s highest court has flatly rejected as lacking the sufficient reliability to be admissible in judicial proceedings in the State of New York.
The proscription by the Court of Appeals is clear. It is definitive. It is dispositive of the issue raised in this case. Polygraph evidence is inadmissible in child protective proceedings in the State of New York, period.
There may come a time when the appellate courts of this State may change the law. If and when that occurs, it will undoubtedly come as the result of refinements made by scientists.
For the foregoing reasons, the motion is denied in all respects.

. A brief in opposition has also been received on behalf of the natural mother of the child. However, she has no standing in this proceeding absent a request for and granting of intervenor status.

. The Appellate Division decision in People v Shedrick (104 AD2d 263, 275), affirmed by the Court of Appeals, upheld the refusal of the trial court to hold a so-called Daniels hearing, stating "The law in New York is well settled on the question of admissibility of polygraph results; such results are clearly inadmissible”.