■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BRANNIGAN, Appellant.—Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered February 11, 1988, convicting defendant, after a jury trial, of conspiracy in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second and third degrees, and intimidating a victim or witness in the first degree (2 counts), and sentencing him, as a persistent felony offender, to concurrent terms of 25 years to life on the conspiracy, attempted murder, witness intimidation and second degree weapon possession counts, and 15 years to life on

the third degree weapon possession count, unanimously affirmed.

Defendant's claim that the victim's identification of him was incredible is meritless. Viewing the evidence in a light most favorable to the People, and considering that the jury is best able to determine credibility *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), there is no reason to doubt the victim's identification of defendant. The victim had ample opportunity to observe defendant, and there was no evidence demonstrating that her addiction to drugs or her head injury rendered her testimony unreliable *(see, People v Shedrick,* 104 AD2d 263, 274, *affd* 66 NY2d 1015).

Defendant's contention that he was improperly tried in New York County is without merit, as there was sufficient conduct by him within the county upon which to base the prosecution (CPL 20.40 [1]; *People v Tullo,* 34 NY2d 712).

There is no merit to defendant's argument that the striking of the testimony of the People's rebuttal witness to defendant's alibi defense, and the curative instructions to disregard it, were not adequate to remedy the prejudice caused by its initial improper admission. First, it clearly would have been within the court's discretion to admit the challenged testimony even though it was of a type normally presented on the People's direct case (CPL 260.30 [7]). Second, assuming that the testimony was of a type that normally requires the filing of a rebuttal witness notice, the People's failure to file such a notice was excusable *(see,* CPL 250.20 [2]) since they could not be certain of the witness' availability until the day before he was called to testify because he was originally on defendant's alibi list, but not called to testify. Finally, there is no reason to suppose that the jury did not heed the court's curative instructions to disregard the testimony *(see, People v Moore,* 71 NY2d 684, 688).

In light of defendant's criminal history and the specific circumstances of the instant crimes, there is no basis to disturb the trial court's imposed sentence. Concur—Carro, J. P., Rosenberger, Ellerin and Kupferman, JJ.