Requestor: Thomas B. Hayner, Esq., County Attorney County of Schenectady County Office Building 620 State Street Schenectady, N Y 12305-2114
Written by: Siobhan Crary, Assistant Attorney General
You have advised us that the Schenectady County Human Rights Commission Special Committee on Social Justice is considering a proposal intended to afford minorities a greater opportunity to serve on juries in the county. The Committee's proposal would allow defendants in Schenectady County Court charged with a crime alleged to have been committed in the City of Schenectady to choose a jury from a pool composed of residents of the city, rather than choosing from a pool composed of residents of the entire county. Because most of the minorities who live within the county reside in the city, minority representation on juries would be increased. You have asked whether the proposal is permissible under governing law and regulations.
Jury selection is governed by Article 16 of the Judiciary Law. Article 16 includes a declaration of policy which states:
 "It is the policy of this state that all litigants in the courts of this state entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the county or other governmental subdivision wherein the court convenes; and that all eligible citizens shall have the opportunity to serve on grand and petit juries in the courts of this state. . . ."
Judiciary Law § 500. You have asked whether the requirement that juries be selected from "a fair cross-section of the community in the county or other governmental subdivision wherein the court convenes" permits County Court jury panels to be drawn from pools of city residents, instead of pools of county residents, because the Schenectady County Court convenes within the city.
Judiciary Law Article 16 does not explicitly prohibit a jury district consisting of less than the entire county. See, People v Shedrick,66 N.Y.2d 1015, 1017 (1985), where the Court of Appeals concluded that Article 16 contains "no unequivocal requirement that juries be drawn from a pool of residents from throughout the entire county" and did not abolish jury districts within counties that were explicitly authorized by prior legislation. In Shedrick, the defendants argued that selection of grand and petit juries in Steuben County from one of three districts rather than from the county as a whole constituted a violation of Judiciary Law Article 16. The Court noted that in 1904 the county board of supervisors had divided the county into three jury districts pursuant to State legislation that explicitly provided the board with such power. Later that enabling legislation was repealed but no express provision was made for abolition of existing districts validly created under the old law. In those circumstances, the Court states, the legitimacy of the existing districts was not impaired. Nor did the subsequent enactment of Judiciary Law Article 16 invalidate the county's continued use of its lawfully created jury districts, the Court held, because the new law did not express or imply a legislative mandate that any existing jury district system be abolished.
The Chief Administrator of the Courts has promulgated Uniform Rules for the Jury System. Section 128.1 of those rules provides
 "[t]here may be no jury districts from which prospective jurors may be drawn consisting of less than the whole of the governmental subdivision wherein the court convenes."
22 NYCRR 128.1. While this language, which simply echoes that of the statute, is somewhat vague, it appears to mean that a particular court may not draw jurors from an area less than its entire jurisdiction. This interpretation is supported by section 128.7 of the Uniform Rules which requires each county commissioner of jurors to maintain lists of qualified jurors for town and village courts. The lists are to include jurors
 "who reside within the geographical jurisdiction of such court, or within such geographical area from which the court is authorized by law to summon jurors."
22 NYCRR 128.7.
We conclude that applicable regulations do not permit defendants in Schenectady County Court charged with committing a crime within the city to choose a jury panel from a pool composed of residents from a district constituting less than the entire jurisdiction of the court.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.