(February 27, 1997)

■ KING VICTOR TAXI CORP. et al., Petitioners, and MELISSA CAB CORP. et al., Appellants, v NEW YORK CITY TAXI AND LIM-

OUSINE COMMISSION, Respondent. [654 NYS2d 358] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered March 20, 1995, which denied the petition brought pursuant to CPLR article 78 to annul a determination of respondent dated June 23, 1994, imposing a fine of $10,000 to be paid out of the proceeds of the sale of petitioner Melissa Cab Corp. and ordering petitioner Mordechai Altman to divest himself of all remaining taxicab medallions owned through his solely-owned petitioner corporations, unanimously affirmed, without costs.

Respondent's determination that petitioner Altman was guilty of knowingly submitting fraudulent condition corrected receipts was not arbitrary and capricious, and was rationally based on the evidence in the record (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Matter of Purdy v Kreisberg*, 47 NY2d 354, 358). Since Altman was the sole shareholder of Melissa Cab Corp., originally charged with production of counterfeit condition corrected receipts, and additional charges were subsequently filed explicitly naming Altman as the preparer thereof, Altman was given sufficient notice of and opportunity to be heard with respect to the charged fraud as to permit respondent, upon the finding of guilt as to Melissa, to require Altman to dispose of all remaining medallions (*see also*, 35 RCNY 1-85 [h]).

The Administrative Law Judge did not err in refusing to consider Altman's polygraph evidence because of the unreliability thereof (*see, People v Shedrick*, 66 NY2d 1015, 1018). Finally, since Altman had a history of violations and the fraud herein directly impacted upon public safety, the penalty of divestiture was not "so disproportionate to the offense * * * as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.*, 34 NY2d, *supra*, at 233). Concur—Murphy, P. J., Milonas, Rosenberger, Ellerin and Williams, JJ.