**Carl Glenn ISAACKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0314–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 27, 1983.

Discretionary Review Refused
May 4, 1983.

W. Scott Carpenter, Houston, for appellant.

Winston E. Cochran, Houston, for appellee.

Before BASS, BULLOCK and WARREN, JJ.

### OPINION

WARREN, Justice.

Appellant's probation was revoked after the court found that he had violated its terms by illegally using a controlled substance.

The only evidence showing that appellant used a controlled substance was the testimony of an operator of an EMET system machine, who testified that her testing of two of appellant's urine samples on the EMET system machine showed that the appellant had ingested Delta-9-Tetra-hydrocannabinol within 3 to 10 days before giving the samples.

Although appellant brings seven grounds of error, the main question in this case is whether the testimony of the EMET system operator was competent and sufficient to prove that appellant had ingested a controlled substance, thus violating terms of his probation. We hold that it was not.

On January 4 and 29, 1982, pursuant to his probation officer's request, appellant submitted urine samples which were collected by two employees of the Harris County Probation Department, who gave these samples to Penny Richter, the EMET operator.

Mrs. Ritcher testified that she was trained to operate the machine by the Syva Company, its manufacturer, and by the

American Correctional Association; that she holds a B.S. degree in social work, but holds no scientific degree; that the EMET system is comprised of four machines: a pipether-diluter, a spectrophotometer, a timeprinter, and a vacuum receiver; that she was trained to test the machine for accuracy before running the January 4 test; that the machine showed that the person giving the samples on January 4 and January 29 had ingested Delta-9-Tetra-hydrocannabinol within 3 to 10 days before giving the samples, and that Delta-9-Tetra-hydrocannabinol is an active ingredient of marihuana and hashish, both being controlled substances. Mrs. Ritcher testified without objection that the EMET System is a recognized scientific machine, but she did not state specific persons or organizations recognizing it.

 This is the problem: Mrs. Ritcher, knowing nothing of the scientific theory enabling the machine to detect a controlled substance in a urine sample, was not competent to testify that the urine samples contained the controlled substance; she was only competent to testify that the machine, after being properly tested for accuracy, showed that the urine contained evidence of the recent use of controlled substances by the giver, using the guidelines and methods of determination she learned during her training. The assumption by the witness that the machine, if operated properly, is able to detect a controlled substance in a urine sample, is hearsay. There is no Texas legislation regarding the admissibility of EMET system tests, nor have we found appellate cases regarding the admissibility of its tests.

Although the burden of proof on a hearing to revoke probation is not as great as that required to convict of a crime, the requirement of competent evidence is no less.

In *Cody v. State,* 548 S.W.2d 401 (Tex.Cr.App.1977) the court reversed a D.W.I. conviction, based on the testimony of a breathalyzer operator because he failed to establish the necessary predicate showing: (1) the use of properly compounded chemicals; (2) the existence of periodic supervision over the machine and operation by one who understands the scientific theory of the machine; and (3) proof of the results of the test by a witness or witnesses qualified to translate and interpret such a result so as to eliminate hearsay. In *Cain v. State,* 549 S.W.2d 707 (Tex.Cr.App.1977), the result of a "truth serum" test, even though explained by a qualified expert, was held inadmissible because the test "had not yet attained scientific acceptance as a reliable and accurate means of ascertaining truth or deception." Although the problem in *Cody, supra,* more nearly parallels ours, the requirement of scientific acceptability as mentioned in *Cain* would also apply in our case. For the results of an EMET system test to be admissible, it must be shown that the machine has attained scientific acceptance, that properly compounded chemicals were used, that the machine has been periodically checked for accuracy by one who understands its scientific theory, and proof must be offered by one qualified to translate and to interpret the result so as to eliminate hearsay. Since these requirements were not met, the judgment must be reversed and the cause remanded.