■ In the Matter of WILLIAM VASQUEZ, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.— Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term,

entered in Washington County) to review a determination of a Superintendent's proceeding finding petitioner guilty of violating a prison disciplinary rule.

On November 7, 1984, while petitioner was a prisoner at Great Meadow Correctional Facility, a urine specimen was taken from him. On November 9, 1984, the sample was tested twice for cannabinoids on the Syva Emit/st drug system (hereinafter Emit test). Two positive results were shown as a result of these tests. A misbehavior report was served on petitioner on November 11, 1984 and, attached thereto, were two "urinalysis procedure" forms, four "result cards" and a "request for urinalysis test" form. The form requesting the urinalysis test indicated that petitioner had been selected at random for the test. The urinalysis procedure form for the first test was completely filled out, while the form for the second test had two blank spaces. Finally, the result cards, dated November 9, 1984, gave instructions for using the Emit test.

At a hearing held on November 14, 1984, petitioner denied the charges and did not request any assistance or witnesses. Petitioner was thereafter found guilty of violating an institutional rule prohibiting the use of a controlled substance. Petitioner was assessed 45 days in the Special Housing Unit and 45 days' loss of commissary, packages and phone-home program privileges. Petitioner commenced this CPLR article 78 proceeding claiming that reliance on an uncorroborated Emit test, absent a second independent test, denied him due process. The matter was transferred to this court by order of Special Term.

The determination should be confirmed and the petition dismissed. The determination is supported by substantial evidence.

Petitioner's contention that Emit test results are not reliable enough to constitute substantial evidence is rejected. The reliability of Emit test results for use in prison disciplinary proceedings has been established by ample scientific evidence (see, Wykoff v Resig, 613 F Supp 1504, 1508-1512; Peranzo v Coughlin, 608 F Supp 1504, 1509-1512). In Peranzo, the court noted that due process does not require scientific exactitude and that testing procedures such as breathalyzers, which are not foolproof, have been accepted in criminal trials as well as administrative proceedings (Peranzo v Coughlin, supra, pp 1507-1508, citing People v Gower, 42 NY2d 117). In Peranzo, a study conducted by an expert witness showed 97% accuracy in

tests of more than 800 samples, and the court there relied on two of the largest studies introduced into evidence showing error rates of 4% (Center for Disease Control, Atlanta, Georgia) and 2.3% (Substance Abuse Services Testing and Research Laboratory) *(supra,* pp 1510-1511). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply" *(Wolff v McDonnell,* 418 US 539, 556). Prison officials must often act " 'on the basis of evidence that might be insufficient in less exigent circumstances' " *(People ex rel. Vega v Smith,* 66 NY2d 130, 142, quoting *Superintendent v Hill,* 472 US —, 105 S Ct 2768, 2774).

Petitioner's assertion that Special Term should have conducted a hearing to create a record as to the reliability of Emit tests is rejected. No scientific evidence was presented by petitioner which created an issue of fact requiring a hearing under CPLR 7804 (h) *(see, Matter of Currier v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.,* 80 AD2d 979). The test results in the instant circumstances were sufficiently reliable to constitute substantial evidence.

We have examined and rejected petitioner's other arguments for annulment of the determination.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.