FOURTH DEPARTMENT, DECEMBER, 1986

(December 19, 1986)

■ In the Matter of VINCENT LAHEY, Respondent, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, et al., Appellants.—Determination annulled, on the law, and petition granted. Memorandum: Since the only critical issue raised in this CPLR article 78 proceeding is whether the determination of the Hearing Officer is supported by substantial evidence, Special Term should not have decided the matter but, rather, should have transferred it to this court (CPLR 7804 [g]). However, we may consider the matter as if it had been transferred properly (Matter of Curl v Kelly, 125 AD2d 948 [decided herewith]; Matter of Hop-Wah v Coughlin, 118 AD2d 275, 276; Matter of O'Brien v Steisel, 104 AD2d 817).

Petitioner, an inmate at the Attica Correctional Facility, was asked to submit a urine specimen which was tested for cannabinoids on the Syva Emit-st Drug Detection System (EMIT test). Two tests, performed on the same sample, were positive. A misbehavior report charging petitioner with violat-

ing a rule (by taking drugs) was filed and, following a tier II disciplinary hearing at which the only proof offered was the test results, petitioner was found guilty as charged. The penalty imposed was confinement to cell for 30 days and loss of privileges. Petitioner commenced an article 78 proceeding seeking to expunge the determination from his institutional record, alleging in effect that the determination was not supported by substantial evidence. In opposition, respondent argues that the EMIT test results should be deemed admissible evidence sufficient to sustain the charge. Petitioner argues that the reliability of the EMIT test was not sufficiently established to warrant admission of the test. We agree.

It is well settled that "scientific evidence will only be admitted at trial if the procedure and results are generally accepted as reliable in the scientific community" *(People v Hughes,* 59 NY2d 523, 537). While a disciplinary hearing is not a trial in the true adversarial sense, we see no reason why reliability of the test results should not be accorded similar evidentiary demands on the party who seeks to impose penalties based upon the results of such test. Failing this, the substantial evidence requirement is not met. The EMIT test is of relatively recent origin, and although it has been accepted by some courts *(see, e.g., Matter of Vasquez v Coughlin,* 118 AD2d 897; *Jensen v Lick,* 589 F Supp 35; *Smith v State,* 250 Ga 438, 298 SE2d 482), other courts have rejected it requiring confirmation by a different type of test *(Matter of Brown v Smith,* 132 Misc 2d 686; *Higgs v Wilson,* 616 F Supp 226 [WD Ky] *vacated sub nom. Higgs v Bland,* Nos. 85-5701, 85-5887 [6th Cir]; *Matter of Johnson v Walton,* No. 561-84Rm. [Vt Super Ct]; *Kane v Fair,* 33 Crim L Rptr 2492 [Mass Super Ct]). The record before us is completely barren of scientific evidence which would establish the reliability of the test. Given this state of the record and the conflicting views on the matter, we cannot say that EMIT test results are generally accepted as reliable in the scientific community *(see, Peranzo v Coughlin,* 608 F Supp 1504, 1509-1510, 1513-1515). The party offering the evidence bears the burden of establishing its admissibility and, absent an adequate basis for the reliability of the test itself, mere evidence of the test result is insufficient evidence to sustain a finding of misbehavior.

We have considered the other issues raised in the petition and find them to be without merit.

All concur, except Balio, J., who dissents and votes to confirm the determination in the following memorandum.

Balio, J. (dissenting). I must dissent. By applying standards

for the admissibility of scientific evidence at trials to a prison disciplinary hearing, the majority has, in my view, erroneously elevated the evidentiary requirements at such hearings.

Evidence that would be inadmissible in court may be considered in administrative proceedings *(see, for example, May v Shaw,* 79 AD2d 970 [polygraph test results]) and may, by itself, constitute substantial evidence *(People ex rel. Vega v Smith,* 66 NY2d 130, 139). The issue is whether the determination is supported by relevant proof which a reasonable mind would accept as adequate to support a conclusion or ultimate fact *(People ex rel. Vega v Smith, supra).* Substantial evidence is less than a preponderance of evidence, but more than mere surmise, conjecture or speculation *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180-181; *Matter of Stoker v Tarentino,* 101 AD2d 651, 652, *mod on other grounds* 64 NY2d 994). Thus, the mere fact that prison officials have not presented opinion testimony on the general reliability of the test to the extent required for admission at trial does not necessarily bar admission of the test results at an administrative hearing.

There is no requirement that the record of an administrative hearing contain proof of reliability, and a hearing is not necessary to establish the general reliability of a scientific test. Reliability can be ascertained by examination of a variety of sources which reveal the general acceptance of the test by the scientific community *(see, People v Middleton,* 54 NY2d 42, 49-50; *People v Magri,* 3 NY2d 562). In this respect, the two major studies performed relative to the EMIT test procedures utilized in this case found double EMIT testing (where a second test is conducted on the same urine sample to confirm the result of the EMIT test) to be 96% and 97.7% accurate, prompting one court to deny an application by prisoners to enjoin prison officials preliminarily from utilizing the test *(see, Peranzo v Coughlin,* 608 F Supp 1504, 1512). Other courts have found the results of double EMIT tests sufficiently reliable to support disciplinary findings *(see, Wykoff v Resig,* 613 F Supp 1504) and parole revocation *(Smith v State,* 250 Ga 438, 298 SE2d 482; *Hunt v State,* 173 Ga App 638, 327 SE2d 500; *see also, United States v Penn,* 721 F2d 762), and one court has found a single EMIT test result reliable *(Jensen v Lick,* 589 F Supp 35).

Cases rejecting EMIT tests as unreliable are factually distinguishable. Most cases involve a single, unconfirmed test *(see, Higgs v Wilson,* 616 F Supp 226 [WD Ky], *vacated sub nom. Higgs v Bland,* Nos. 85-5701, 85-5887 [6th Cir]; *Wilson v State,*

697 SW2d 83 [Tex Ct App]; *Matter of Johnson v Walton*, No. 561-84Rm. [Vt Super Ct]; and *Kane v Fair*, 33 Crim L Rptr 2492 [Mass Super Ct]), not the more reliable double test procedures utilized here *(see, Wykoff v Resig*, 613 F Supp 1504, *supra;* and *Peranzo v Coughlin*, 608 F Supp 1504, 1511-1513, *supra).* In *Isacks v State* (646 SW2d 602 [Tex Ct App]), confirmed EMIT test results were rejected because the operator did not adequately demonstrate her qualifications. And finally, in *Matter of Brown v Smith* (132 Misc 2d 686), there is no indication that the court considered, or had available to it, the results of the two major studies considered in *Peranzo v Coughlin (supra)*, which indicated a high degree of accuracy for confirmed EMIT tests results.

Based upon the analysis and conclusions in *Peranzo (supra)* and *Wykoff v Resig (supra)*, the Appellate Division, Third Department, has held that double EMIT test results are sufficiently reliable to constitute substantial evidence in prison disciplinary cases and rejected the notion that a hearing was required to establish general reliability *(Matter of Vasquez v Coughlin*, 118 AD2d 897). I reach the same conclusion.

In this case, petitioner raised no objection to the Hearing Officer's consideration of the test results and made no claim that the testing was not properly performed. In any event, the packet of documentary materials before the Hearing Officer includes the approved instructions for testing, urinalysis procedure forms indicating that testing was performed in accord with the instructions, a chain of custody log, and the test results. Thus, an adequate foundation existed for admission of the EMIT test results *(Matter of Newman v Coughlin*, 110 AD2d 981, 983; *see also, Matter of Sanchez v Hoke*, 116 AD2d 965, 966). A correction officer also testified regarding the procedures he utilized in performing the test.

Under the circumstances, I find the determination to be supported by relevant proof upon which reasonable minds would rely and would confirm the determination. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J. —art 78.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.