■ In the Matter of RAYMOND WHITEHEAD, Appellant, v JACQUELINE McMICKENS, as Commissioner of the Department of Correction of the City of New York, et al., Respondents.—Appeal from order and judgment (one paper), Supreme Court, New York County (Preminger, J.), entered September 6, 1985, deemed, de novo, a CPLR article 78 proceeding transferred to this court for determination, and upon such transfer, the judgment vacated and the determination of the respondent Commissioner of the Department of Correction dated January 9, 1985, confirmed, without costs and disbursements.

Petitioner is a New York City correction officer who was the subject of disciplinary charges. There was a hearing before an

Administrative Law Judge, who found petitioner guilty of three of the four specifications against him and recommended a suspension for 10 days, without pay. The respondent Commissioner accepted the recommendation of the Administrative Law Judge, imposing the aforesaid disciplinary sanction. The petitioner commenced an article 78 proceeding, alleging, *inter alia,* that the respondent Commissioner's determination was contrary to the weight of the evidence. Special Term accepted jurisdiction of the petition and determined it, dismissing the petition.

Where an article 78 petition challenges an administrative hearing determination, on the ground that it is not supported by substantial evidence, the court in which the action is commenced must transfer the proceeding to the Appellate Division. (CPLR 7804 [g]; *Johnson v Ward,* 124 AD2d 466 [1st Dept 1986]; *Matter of King v McMickens,* 120 AD2d 351 [1st Dept 1986].) This court, however, "is empowered to dispose of all issues in the proceeding as if the matter had been properly transferred in the first instance." *(Matter of Rivera v Beekman,* 86 AD2d 1, 5 [1st Dept 1982].) We have reviewed the entire record and find that the determination was not arbitrary or capricious, was supported by substantial evidence, and that the disciplinary sanction imposed was appropriate. Concur—Sullivan, Ross and Rosenberger, JJ.

Kupferman, J. P., and Milonas, J., dissent in part in a memorandum by Milonas, J., as follows: Inspector General Tyrone Butler was supervisor of the unit (the Office of the Inspector General), responsible for the investigation of corruption, gross misconduct and mismanagement within the New York City Department of Correction. In June of 1984, he received certain complaints that members of the Department assigned to the Manhattan Criminal Court facility were making improper seniority assignments among correction officers assigned there. After learning that petitioner herein possessed information relevant to the investigation into these alleged irregularities, Inspector General Butler met with him in July of 1984 and requested that he submit as soon as possible a written report documenting the misconduct which he had observed.

On August 1, 1984, petitioner was working a 12:00 A.M. to 8:00 A.M. shift at the Rikers Island Correctional Institution for Men when he was advised by Captain Patrick Tyranski that he would be required to remain on the job for the following shift as well. Petitioner explained that he was on the third day of a four-day tour of duty and that, in any event, he was

obligated to go to the Office of the Inspector General to hand in a confidential report. Although Captain Tyranski directed petitioner to the roll call area, the captain telephoned the Inspector General's Office and was told that the needs of the institution took precedence and that, therefore, it was not imperative for petitioner to present his report that day. Petitioner was informed that the Office of the Inspector General had been contacted, and he was still mandated to work the additional tour of duty. Petitioner then requested, and received, permission to make a telephone call, but instead of doing so, he signed himself out and proceeded to the Inspector General's Office where he submitted his report.

The following day, Deputy Warden Dennis Cowan, whose duties included the overseeing of discipline, ordered petitioner to come to his office. There, the deputy warden asked him why he had left the institution the previous day. Petitioner, who was visibly upset, replied that he had something to do. After he was reminded that he had been directed to report to the receiving room for duty and did not have the authority to leave, he stated that Deputy Warden Cowan was not aware of all of the circumstances. Cowan insisted that petitioner should not have disobeyed an order. Petitioner responded by declaring that he would walk out again today, a statement which he apparently repeated when the deputy warden demanded that he prepare a report concerning his actions. Petitioner did not speak in a raised voice, and he complied with the direction to submit a report.

Petitioner was subsequently served with four charges and specifications alleging that he had (1) failed to report to his assigned place of duty, (2) failed to obey the lawful orders of Captain Tyranski and Deputy Warden Cowan by refusing to report to the receiving room and leaving the facility, (3) acted in a disrespectful and contemptuous manner toward Deputy Warden Cowan, and (4) rendered a false report concerning the transactions of August 1, 1984. An administrative hearing ensued, at the conclusion of which petitioner was found guilty of the first three charges, and the fourth charge was dismissed. The Hearing Officer's recommendation that petitioner be suspended without pay for a period of 10 working days was accepted by respondent Commissioner of Correction. The instant CPLR article 78 proceeding was duly commenced alleging that the determination was not supported by substantial evidence and that the punishment imposed against petitioner was excessive. In that regard, I disagree in part with the majority and would grant the petition to the extent of annul-

ling the finding of guilt on the third charge, but would otherwise confirm the determination.

The third count accuses petitioner of acting in a disrespectful and contemptuous manner toward his superior because he informed Deputy Warden Cowan that he would do the same thing again under similar circumstances. Yet, the fact remains that he made such a statement as a consequence of being called into the deputy warden's office for a private conversation so that he could explain his failure to report for an additional tour of duty. In the course of that private conversation, petitioner asserted, in effect, that he did not believe that he had done anything wrong and would do the same thing again if confronted with an analogous situation. He did not speak disrespectfully to Cowan in the presence of other persons, did not refuse to carry out an order and was not behaving insubordinately. He was merely attempting to defend his behavior upon being requested to do so by the deputy warden. Moreover, Cowan admits that while petitioner was upset, he did not raise his voice or otherwise act in a contemptuous manner. Thus, pursuant to the third charge, petitioner was found guilty for conduct amounting to no more than the exercise of his right to free speech as protected by US Constitution 1st Amendment. In my opinion, there was no basis for the determination with respect to this count.