■ In the Matter of WILLIAM OLIVER, Petitioner, v WALTER KELLY, as Superintendent of Attica Correctional Facility, Respondent.—Determination unanimously annulled on the law and petition granted *(see, Matter of Lahey v Kelly,* 125 AD2d 923, *lv granted* 69 NY2d 608). (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.

■ In the Matter of EDWIN L. GREGORESKI, Appellant, v TERRY A. NIEBEL et al., Constituting the Board of Elections of the County of Chautauqua, et al., Respondents.—Order unanimously affirmed without costs *(see, Matter of Liss v Sadowski,* 59 NY2d 635; *Matter of Higby v Mahoney,* 48 NY2d 15). (Appeal from order of Supreme Court, Chautauqua County, Cass, J.—Election Law.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ. (Order entered Sept. 22, 1987.)

■ JACOB EISEMAN et al., Respondents, v STATE OF NEW YORK, Appellant.—Motion to be relieved of judgment for costs denied. Memorandum: On appeal from the Court of Claims, we affirmed and granted costs against the State. Our order was reversed by the Court of Appeals and the claim against the State was dismissed *(Eiseman v State of New York,* 109 AD2d 46, *revd* 70 NY2d 175). The State now moves for an order relieving it from the judgment for costs. CPLR 5015 (a) (5) provides that the court which rendered a judgment or order may relieve a party from it where there has been a reversal of a prior judgment or order upon which it was based. Since the judgment for costs was entered in the Court of Claims, the State should address its motion to that court. Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.