■ In the Matter of VICTOR AMARO, Appellant, v VITO TERNULLO et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Superintendent of the Otisville Correctional Facility finding the petitioner guilty of violating a prison disciplinary rule and imposing a penalty, the appeal is from so much of a judgment of the Supreme Court, Orange County (Isseks, J.), entered March 5, 1985, as dismissed the petition.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment entered March 5, 1985, is vacated; and it is further,

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Since the only issue in this CPLR article 78 proceeding is whether the determination by the respondent Superintendent is supported by substantial evidence in the record, Special Term should have transferred the proceeding to this court in the first instance *(see,* CPLR 7804 [g]). Rather than reverse on this basis, as suggested by the petitioner's argument on this purported appeal, this court will treat the matter as one initially brought here and review the administrative determination de novo *(see, People ex rel. McClatchie v Reid,* 105 AD2d 721; *Matter of Mistler v Tofany,* 39 AD2d 710, *affd* 30 NY2d 870; *Matter of Rosado v Blum,* 80 AD2d 857; *see also, Matter of Whitehead v McMickens,* 126 AD2d 440, *affd* 69 NY2d 942).

On October 9, 1984, the petitioner, while an inmate at Otisville Correctional Facility, provided a urine specimen for testing. On the same day, the specimen was tested twice for cannabinoids by means of an EMIT drug test. Both tests proved positive for the presence of marihuana. The petitioner was served with a misbehavior report charging him with violating prison disciplinary rule 113.12, which prohibits use or possession of drugs. At a Superintendent's proceeding held October 15, 1984, the petitioner denied the charge and requested no assistance or witnesses. The petitioner was found guilty on the basis of documentary evidence consisting, *inter*

*alia,* of a request for urinalysis form and the test result forms produced from the two EMIT tests performed, and a penalty was imposed consisting of 60 days restriction to his cell, loss of 2 months of good time and loss of various privileges. The petitioner then commenced this CPLR article 78 proceeding to annul the determination, to expunge the charge from his records and to restore his good-time credit. Special Term dismissed the petition.

The petitioner's challenge to the reliability of the EMIT test procedures employed to test the urine specimen taken from him is not persuasive. The documentary evidence demonstrates that proper procedures were followed in the conduct of the test. Moreover, the Court of Appeals has recently held in *Matter of Lahey v Kelly* (71 NY2d 135, 143) that "positive EMIT test results when confirmed by a second EMIT test or its equivalent, are sufficiently reliable to constitute substantial evidence to support a determination * * * that an inmate has used illegal drugs." Accordingly, we find the administrative determination is supported by substantial evidence *(see, Matter of Vasquez v Coughlin,* 118 AD2d 897; *Matter of Price v Coughlin,* 116 AD2d 898; *Matter of Newman v Coughlin,* 110 AD2d 981). Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.