OPINION OF THE COURT
Jan H. Plumadore, J.
The court’s November 23, 1988 interim decision and order *1026 herein left open two questions: whether the photometer negative calibration results were before the Hearing Officer and if not, was their absence duly objected to. Both parties in response sought in part to reargue the earlier decision and made further legal (and factual) arguments.
Upon further reflection, however, and in light of the November 23, 1988 ruling as to the forms, the court agrees with respondents that absent a specific demand therefor and/ or a step-by-step hearing challenge to the procedure employed in those particular tests, they need not furnish the calibration result cards. It is the court’s finding that petitioner did neither.
The plain meaning of petitioner’s request is that, knowing of the two positive test results for cannabinoids in his urine, he inquires whether or not there was a negative result. It is to that interpretation the Hearing Officer addresses his response, which is received without objection, as was the test documentation that petitioner was furnished.
The argument that the second page of petitioner’s "Statement of Facts in The Superintendent’s Hearing” constitutes a demand for the negative calibration result card is without merit: all he has there done is reproduce verbatim part of the New York Supplement, Second Series, headnote for Matter of Brown v Smith (132 Misc 2d 686) without making an affirmative request for the negative calibration results. In addition, Brown has been effectively overruled by Matter of Lahey v Kelly (71 NY2d 135, revg 125 AD2d 923 [4th Dept]).
Perhaps the crux of the issue now confronting the parties and the court was best summarized in Justice Balio’s dissent in Lahey (125 AD2d 923, supra). He concludes, correctly as it turned out, that the standards for admissibility of scientific evidence are not as stringent in prison disciplinary hearings as they are at trials. As examples he cites the administrative admissibility of polygraph tests (May v Shaw, 79 AD2d 970) and the fact that a misbehavior report, when confronted with nothing more than a not guilty plea, may constitute substantial evidence (People ex rel. Vega v Smith, 66 NY2d 130).
Here petitioner received without objection virtually all the documentation possible. Even assuming he is correct, that he did not receive the negative calibration result cards (they were apparently not among the material provided petitioner’s attorney pursuant to his request for the Tier III documentation in response to the motion to dismiss), their absence is of *1027 little help to him. Petitioner’s hearing strategy regarding the test was not to backtrack the testing procedure but to make legal arguments concerning the EMIT test’s reliability generally and attempt to establish that one of his medications may have caused a false positive.
Had he sought to take the testing officers through their paces step by step, the result might be different. He did not, however, and had he done nothing other than plead not guilty the established documentation, i.e., with or without the specific calibration result cards, would have been sufficient for the Hearing Officer to find him guilty.
Petitioner’s other contentions are without merit. Matter of Hartje v Coughlin (70 NY2d 866) is inapplicable due to the within disposition and the court is not persuaded that the identity of issue here and in Campbell v Coughlin (Sup Ct, St. Lawrence County, Aug. 18, 1988, Duskas, J.) is an example of collateral estoppel via third-party issue preclusion. To so hold would mean that absent an appeal any trial level legal issue determination would be binding on all other trial courts where one of the parties is the same. Such is obviously not the case (see, e.g., Lahey v Kelly, supra [appellate discussion of conflicting EMIT admissibility rulings]).
Finally, petitioner’s argument that Harding v Melton (67 AD2d 242, affd 49 NY2d 739) is neither applicable nor controlling since its fact situation predated the enactment of the State Administrative Procedure Act is unpersuasive. In the first place, both derive either unsuccessful argument (Harding v Melton, supra) or authority (State Administrative Procedure Act) from NY Constitution, article IV, § 8.
Secondly, since the form in Harding (supra) was not part of a (filed or not) regulation this court was not bound by it but rather considered it some authority for the conclusion reached here.
Lastly, neither Matter of Jones v Smith (64 NY2d 1003) nor the State Administrative Procedure Act mandates a result contrary to that reached herein. The Jones argument was dealt with in the court’s earlier decision and order. The State Administrative Procedure Act, while not argued in great detail by either party, actually supports respondents’ position.
Section 102 (2) (b) (iv) of the State Administrative Procedure Act exempts from its requirements "forms and instructions * * * which in themselves have no legal effect but are merely explanatory”. While as noted supra either of the forms at *1028 issue herein has the legal effect of providing petitioner notice and, if completely unchallenged, constituting part of the necessary substantial evidence, they are not irrevocably necessary nor the only means to accomplish either.
Respondents could have adopted an internal policy (State Administrative Procedure Act § 102 [2] [b] [i]) requiring testing officers to do detailed affidavits as to each and every test they perform and furnish them to charged inmates. That would certainly not be in respondents’ best interests, striving as they do to reduce their paperwork burden, but it would serve the desired purposes. They could also dispense with these more detailed forms and affidavits and have the officers aver that they conducted the test in accordance with proper EMIT procedures and provide copies of the various result cards without further explanation. Neither course, however, truly serves either parties’ interest.
Accordingly, for the reasons set forth here and in the court’s November 23, 1988 memorandum order, the petition is hereby dismissed.