FOURTH DEPARTMENT, MARCH, 1988

(March 4, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY STAHL, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was indicted for murder in the second degree as a result of the fatal shooting of Daniel Saj. During the course of the jury charge the court stated: "What you are here for is because the

People of the State of New York say, 'We charge you, the defendant, Gary Stahl, with committing this crime.' He says, 'I didn't commit that crime. I didn't commit murder. What I did was commit manslaughter.' That is for the jury to decide not a Judge. Nobody in government can make that decision. But, you are not here to decide what punishment should be imposed, if any, for the commission of either crime. So when you leave here, do not discuss that, what is going to happen if we return this verdict or that verdict. All right. The question is based upon what we see and have heard and what we believe, what is the proper verdict, what crime was committed." The trial court thereafter concluded its charge by stating: "you will report the verdict. When you are unanimous you come down and say, 'We the jury, find', either it is going to be guilty of murder in the second degree or guilty of manslaughter in the first degree. Those are the only possible verdicts that you have".

It is the jury's basic function to determine a defendant's innocence or guilt. The trial court, by this charge, usurped the jury function by directing a guilty verdict. This is unequivocally error because a directed verdict is never permitted in a criminal prosecution *(Connecticut v Johnson,* 460 US 73, 84; *People v Walker,* 198 NY 329, 334-335). Further, the instruction violates the mandates of CPL 300.10 (4), which directs the court to submit on each count of the indictment a verdict of not guilty for the jury's consideration. Although there was no timely objection to this error, a new trial is required because the error is of such magnitude as to deny defendant his constitutional right to a fair trial. *(See, Chapman v California,* 386 US 18, 24, *reh denied* 386 US 987; *People v Thomas,* 50 NY2d 467, 471; *People v Patterson,* 39 NY2d 288, 295, *affd* 432 US 197.)

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Niagara County Court, Hannigan, J.—murder, second degree.) Present—Dillon, P. J., Doerr, Boomer, Balio and Lawton, JJ.