■ The People of the State of New York, Respondent, v Troy Hudson, Jr., Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress granted and indictment dismissed. Memorandum: County Court should have suppressed the burglar's tools seized from defendant following a frisk and the confession given by defendant after his arrest.

At 12:30 a.m., an hour before the frisk, a police officer observed defendant walking down the street, in an area where numerous burglaries had occurred, carrying a three-foot-long object wrapped in a sheet. When the officer attempted to stop defendant, defendant walked away and went through a yard. When the officer saw defendant one hour later, he approached defendant and conducted a "pat down" search. CPL 140.50 (1) authorizes a police officer to stop a person in a public place and to demand of him an explanation of his conduct when he reasonably suspects that a person has committed a crime. The statute further authorizes the officer to search the person so stopped for a deadly weapon or dangerous instrument when the officer reasonably suspects that he is in danger of physical injury (CPL 140.50 [3]). Assuming that the circumstances created a basis for stopping defendant and making an inquiry, nothing observed by the officer permitted further action, such as a frisk or search, before making an inquiry (see, People v Bronston, 113 AD2d 627, 632, 634, affd 68 NY2d 880). Although the police officer testified that the purpose of the frisk was "safety", the record contains no facts to support a finding that he had reason to suspect that he was in danger of physical injury. The officer testified that he had known defendant because of his previous criminal activities, but he did not say what these activities were or whether defendant, to his knowledge, had ever carried weapons or dangerous instruments. (Appeal from judgment of Monroe County Court, Affronti, J., at trial; Maas, J., on suppression issue—burglary, third degree, and other charges.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.