■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK P. JONES, Appellant.—Judgment of the Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered March 27, 1989, convicting defendant, after a jury trial, of attempted robbery in the first degree and criminal possession of a weapon in the second degree and sentencing him, as a persistent violent felon, to two concurrent terms of 10 years to life, is unanimously affirmed.

At the close of the evidence the court submitted two counts to the jury, attempted robbery on the theory that defendant was armed with a deadly weapon, and criminal possession of a weapon in the second degree. After the jury reported that it had found defendant guilty of attempted robbery and not guilty of possession of a weapon, the court gave further instructions on the law and directed the jury to continue to deliberate. Thereafter, defendant was found guilty of both charges.

Defendant now urges that the court should have dismissed both counts because the not guilty verdict negated an element of the attempted robbery conviction. This claim is unpreserved, since defendant voiced no objection when the court resubmitted both counts to the jury. Were we to consider defendant's claim in the interest of justice, we would nevertheless affirm. Under CPL 310.50 the court properly resubmitted both counts to the jury. As charged, the jury could not have arrived at contradictory verdicts on the two counts in the absence of confusion. *(People v Tucker,* 55 NY2d 1, 6-7; *People v Robinson,* 45 NY2d 448.) In order to find defendant guilty of attempted robbery, the jury was instructed that it had to find beyond a reasonable doubt that defendant both displayed and was armed with a deadly weapon. The weapons count was submitted to the jury on the theory that defendant possessed a loaded firearm and that he intended to use it unlawfully. Clearly, as defendant concedes, the original verdict was inconsistent and could not have been reached absent confusion.

The court's supplemental instructions did not direct the jury to find defendant guilty of both counts. The court's charge clearly informed the jury that the outcome of the trial was a matter for the jury alone. *(Bollenbach v United States,* 326 US 607, 612.) Concur—Murphy, P. J., Sullivan, Milonas, Asch and Smith, JJ.