■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARGARET THOMAS, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of two counts of depraved mind murder in connection with the deaths of her nine-year-old son and seven-year-old daughter. The decomposed bodies of the dead children were discovered in their bedrooms in defendant's apartment and autopsies revealed that the cause of death was consistent with drowning. Defendant gave a statement to police in which she stated that the children were possessed by the Devil and that she had attempted to wash the Devil away using hot water from the stove. She described pouring hot water on the children and then holding each child underwater until he or she stopped fighting.

At trial, defendant presented a psychiatric defense urging that at the time of her actions she lacked criminal responsibility as a result of mental disease. In its jury instructions, the court charged that there were "four possible verdicts" and then continued as follows: "Normally in a trial you have a verdict of guilty or not guilty. With respect to each count of the indictment, your verdict will be guilty or not guilty by reason of mental disease or defect. Those are the possible verdicts you can render. Charge Number 1, entitled Murder in the second degree, regarding Tyrone, your possible verdicts are guilty or not guilty by reason of mental disease or defeect *[sic]*. Second count, Murder in the second degree, Michelle, same possible verdicts. Those are the intentional counts. The third count, Murder in the second degree, depraved mind, Tyrone, same possible verdicts. Fourth counts *[sic]*, Murder in the second degree, depraved mind, Michelle, same possible verdicts." A verdict sheet submitted to the jury listed counts

of intentional and depraved mind murder as to each child, and specified that the possible verdicts were "guilty or not guilty by reason of mental disease or defect."

The charge was erroneous and the error was repeated in the verdict sheet. "It is the jury's basic function to determine a defendant's innocence or guilt" *(People v Stahl,* 138 AD2d 920, 921, *lv denied* 72 NY2d 867). Here, by omitting the possible verdict of "not guilty" from consideration by the jury, the trial court usurped the jury function. CPL 300.10 (4) directs that on each count of an indictment a verdict of "not guilty" be submitted to the jury for consideration *(People v Stahl, supra).* Although the error was not preserved by timely objection, a new trial is required because the error is of such magnitude as to deny defendant her constitutional right to a fair trial *(People v Thomas,* 50 NY2d 467, 471; *People v Patterson,* 39 NY2d 288, 295, *affd* 432 US 197; *People v Stahl, supra,* at 921, citing *Chapman v California,* 386 US 18, 24, *reh denied* 386 US 987).

Defendant also argues that the People failed to meet their burden of disproving the defense of mental disease or defect beyond a reasonable doubt *(see,* Penal Law § 25.00 [1]; § 30.05 [repealed L 1984, ch 668, § 1, eff Nov. 1, 1984]; *see also, People v Kohl,* 72 NY2d 191). That argument must be rejected. Viewing the evidence in a manner most favorable to the People and according all reasonable inferences in their favor *(People v Ford,* 66 NY2d 428; *People v Kennedy,* 47 NY2d 196), we find that the People met that burden and that the jury verdict is supported by sufficient evidence. There is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial *(Cohen v Hallmark Cards,* 45 NY2d 493, 499) and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" *(People v Bleakley,* 69 NY2d 490, 495).

In light of the foregoing, we need not reach the other issues raised by defendant. (Appeal from judgment of Niagara County Court, Hannigan, J.—murder, second degree.) Present —Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.