■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. MURPHY, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: From our review of the record, we conclude that defendant's conviction of burglary in the second degree and attempted petit larceny was based on legally sufficient evidence and was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). We also conclude that, given the law, facts and circumstances of this case, defendant was not denied meaningful representation (see, People v Baldi, 54 NY2d 137, 147; People v Hudson, 139 AD2d 937). Reversal is mandated, however, because of the court's supplemental charge, given after the jury returned an inconsistent verdict of guilty of burglary in the second degree and not guilty of attempted petit larceny. In directing the jury to reconsider its verdict, the court's supplemental charge failed to explain that two outcomes, guilty of both charges or innocent of both charges, were possible. The charge advised the jury only that, if defendant was guilty of burglary, he could not be found innocent of attempted petit larceny. Because the court's supplemental charge was not neutral and fairly balanced, it cannot be countenanced and defendant is entitled to a new trial (see generally, People v Carter, 40 NY2d 933; People v Faber, 199 NY 256; People v Sheldon, 156 NY 268; People v Thomas, 167 AD2d 898; People v Astol, 118 AD2d 578; cf., People v Jones, 165 AD2d 695, lv denied 76 NY2d 987). Although the issue was unpreserved, we also note that the court erred in making reference to "unlawful remaining" in its burglary charge (see, People v Gaines, 74 NY2d 358, 363), and in failing to define the term "to deprive" in its attempted petit larceny charge (see, People v Blacknall, 63 NY2d 912, 914).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Burglary, 2nd Degree.) Present —Callahan, J. P., Boomer, Lawton, Davis and Doerr, JJ.