■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL BRIGGS, Appellant.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant contends that his convic-

tion is against the weight of the evidence because the jury erred in crediting the testimony of the prosecution's chief witness. "Credibility is best determined by the trier of fact who has the advantage of observing the witnesses and, necessarily, is in a superior position to judge veracity than an appellate court, which reviews but the printed record" *(People v Shedrick,* 104 AD2d 263, 274, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758; *see also, People v Cohen,* 223 NY 406, 422-423, *rearg denied* 227 NY 623; *People v Majeer,* 100 AD2d 830). We find no basis to disturb the jury's determination to believe the testimony of the prosecution's chief witness, rather than that of defendant's witnesses, and we conclude that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant further contends that the testimony of the prosecution's chief witness must be rejected as incredible as a matter of law. That contention is without merit because the witness' testimony was not "incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory" *(People v Stroman,* 83 AD2d 370, 373).

Defendant also contends that County Court erred in admitting in evidence the statement of Bruce Page as past recollection recorded. A memorandum may be introduced in evidence as past recollection recorded for substantive evidence of the truth of its contents when the witness is "unable or unwilling to testify as to its contents", and "otherwise competent testimony establishes that (1) the witness once had knowledge of the contents of the memorandum, (2) the memorandum was prepared by the witness, or at his direction, (3) the memorandum was prepared when the knowledge of the contents was fresh in the mind of the witness, and (4) the witness intended, when the memorandum was made, that it be accurate" *(People v Raja,* 77 AD2d 322, 325-326). Defendant contends that the memorandum was inadmissible because the witness recalled some of the events set forth in the memorandum. Although the witness had some general memory of the events, he was unable to remember a number of facts recited in the memorandum and, therefore, the memorandum was properly admitted to augment his memory as past recollection recorded *(see, People v Fields,* 151 AD2d 598, 599; *People v Raja, supra; People v Caprio,* 25 AD2d 145, 150, *affd* 18 NY2d 617; Richardson, Evidence § 469 [Prince 10th ed]).

Defendant additionally contends that the trial court erred in admitting in evidence the previous trial testimony of Page.

Because defense counsel acquiesced in the admission of that testimony, and because he did not assert that the testimony was inadmissible pursuant to CPL 670.10, defendant's contention has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Claudio,* 130 AD2d 759, *lv denied* 70 NY2d 873).

We agree, however, with defendant's contention that the trial court erred in sentencing him on two counts of attempted robbery in the second degree when only one count was charged in the indictment. Defendant's conviction of one count of attempted robbery in the second degree is therefore reversed and the sentence imposed thereon vacated.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Green, Lawton, Fallon and Doerr, JJ.