█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. MURPHY, Appellant. [621 NYS2d 1011] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of burglary in the second degree and attempted petit larceny, defendant contends that his conviction is not supported by legally sufficient evidence. We disagree. The evidence is legally sufficient to establish that defendant, who was not authorized to enter the apartment of the complainant, did so with the intent to commit a larceny therein *(see, People v Barnes,* 50 NY2d 375, 379, n 3; *People v Webber,* 184 AD2d 540, 541, *lv denied* 80 NY2d 935; *People v Fraticelli,* 172 AD2d 622, *lv denied* 77 NY2d 995). Defendant's challenge to the testimony of the complainant presented an issue of credibility for resolution by the jury *(see, People v Briggs,* 190 AD2d 995, 996, *lv denied* 81 NY2d 1011). "Credibility is best determined by the trier of fact who has the advantage of observing the witnesses and, necessarily, is in a superior position to judge veracity than an appellate court, which reviews but the printed record" *(People v Shedrick,* 104 AD2d 263, 274, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758). We further conclude that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Additionally, the contention of defendant that the trial court deprived him of his right to effective assistance of counsel by denying his request for the assignment of new counsel lacks merit. The record establishes that defendant did not renew his request for the assignment of new counsel following the reversal of his prior conviction *(see, People v Murphy,* 188 AD2d 1061). Lastly, we conclude that defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137, 146-147). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Burglary, 2nd Degree.) Present —Green, J. P., Lawton, Fallon, Doerr and Davis, JJ.