■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFF EARLY, Appellant. [689 NYS2d 907] —Judgment unanimously affirmed. Memorandum: The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The testimony of the identifying witness was not incredible as a matter of law, and it was for the trier of fact to decide whether to credit his testimony (*see, People v Shedrick,* 66 NY2d 1015, 1017-1018, *rearg denied* 67 NY2d 758; *People v Murphy,* 210 AD2d 886, *lv denied* 85 NY2d 865). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Howe, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Pigott, Jr., and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL McCALLA, Appellant. [690 NYS2d 377] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) after police recovered a quantity of cocaine thrown by defendant from his motor vehicle during a high speed chase.

The sole argument of defendant on appeal is that County Court erred in denying his request for a missing witness charge with respect to a police officer who did not testify. Although defendant met his initial burden of demonstrating his entitlement to the charge (*see, People v Kitching,* 78 NY2d 532, 536-537; *People v Gonzalez,* 68 NY2d 424, 427-428), the court properly refused to give the requested charge on the ground that the testimony of that police officer would have been cumulative to other evidence (*see, People v Macana,* 84 NY2d 173, 180; *People v Ortiz,* 83 NY2d 989; *People v Maddox,* 256 AD2d 1066). Three other officers who actively participated in the chase and defendant's apprehension testified at trial, and the court received in evidence the written admission of defendant that he threw the cocaine from the window of his vehicle during the course of the high speed chase. (Appeal from Judgment of Monroe County Court, Maloy, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Pine, J. P., Lawton, Pigott, Jr., and Callahan, JJ.