■ The People of the State of New York, Respondent, v Roger Stein, Appellant. [762 NYS2d 201] —Appeal from a judgment of Onondaga County Court (Aloi, J.), entered April 17, 2002, convicting defendant after a jury trial of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [2]) in connection with the beating death of an 84-year-old man. We reject the contention of defendant that the indictment was obtained in violation of his right to testify before the grand jury. Because defendant failed to comply with the notice requirements of CPL 190.50 (5) (a), his right to testify before the grand jury never accrued (*see People v Green,* 187 AD2d 528 [1992], *lv denied* 81 NY2d 840 [1993]). County Court properly denied the motion of defendant to suppress the boots he was wearing when he was detained and interviewed by the police. Police officers may properly seize an item in plain view without a warrant if: "(1) the police are lawfully in the position from which the object is viewed; (2) the police have lawful access to the object; and (3) the object's incriminating nature is immediately apparent" (*People v Diaz,* 81 NY2d 106, 110 [1993]). Here, the dark boots worn by defendant were in plain view when the police detained him on a street corner and brought him to the police station for questioning. The boots fit the general description given by a witness of the dark boots defendant had been wearing before and after the crime, and they had what appeared to be blood spatters on them, similar to blood spatters observed at the crime scene. Under the circumstances, the officers had the authority, under the plain view doctrine, to seize defendant's boots.

Defendant also contends that the conviction is not supported by legally sufficient evidence. We disagree (*see People v Bleak-*

*ley*, 69 NY2d 490, 495 [1987]). A person commits murder in the second degree when, "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person" (Penal Law § 125.25 [2]). The People presented evidence that the 84-year-old victim was beaten repeatedly about the head, resulting in a fracture of the face, multiple lacerations, and multiple brain contusions. The victim was left in a pool of his own blood, lapsed into a coma, and ultimately died. The People's experts testified that the beating set in motion a chain of events that ultimately led to the victim's death several months later. Defendant was the last known person to have seen the victim, and he initially lied to the police about being in the vicinity of the crime on the night the victim was beaten. The blood spatters on defendant's boots were similar to those found at the crime scene. Medical testimony established that the beating caused the victim's death. We conclude that the evidence is legally sufficient to support the conviction.

Likewise, the verdict is not against the weight of the evidence. Although defendant presented expert testimony tending to show that the victim's trauma may have been caused by a fall, the jury was entitled to credit the testimony of the People's expert over that of defendant's expert (*see People v Miller*, 91 NY2d 372, 380 [1998]). Moreover, the dark, blood-spattered boots worn by defendant when he was arrested were highly incriminating. While defendant claimed that he "found" the boots and put them on his feet just minutes before the police stopped and detained him, the woman with whom defendant spent the night and who was with him both before and after the murder testified that he wore "dark boots," throughout the period they were together. Thus, although defendant offered an explanation for his possession of the boots, it was within the province of the jury to determine whether to credit his testimony in that regard (*see People v Shedrick*, 66 NY2d 1015, 1018 [1985], *rearg denied* 67 NY2d 758 [1986]; *People v Early*, 261 AD2d 967 [1999]). Present—Wisner, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.