██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL J. WALEK, Appellant. [812 NYS2d 915]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered July 23, 2004. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (three counts) and course of sexual conduct against a child in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of three counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and one count of course of sexual conduct against a child in the second degree (§ 130.80 [1] [a]). We reject defendant's contention that the verdict is against the weight of the evidence. The jury was entitled to resolve issues of credibility in favor of the People (see People v Shedrick, 104 AD2d 263, 274 [1984], affd 66 NY2d 1015 [1985], rearg denied 67 NY2d 758 [1986]; see also People v Briggs, 190 AD2d 995 [1993], lv denied 81 NY2d 1011 [1993]), and it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]) and, in any event, that contention lacks merit (see generally Bleakley, 69

NY2d at 495). Contrary to defendant's further contention, the statements made by the victim to his brother were properly admitted in evidence under the prompt complaint exception to the hearsay rule inasmuch as the statements were made within moments of an incident of sexual contact with defendant, at the "first 'suitable opportunity' " (*People v Kornowski*, 178 AD2d 984, 985 [1991], *lv denied* 89 NY2d 1096 [1997]). In any event, we note that the victim's trial testimony included those statements, and thus defendant was not prejudiced by the admission of the prompt complaint testimony "for it mirrored evidence [that was] disclosed to the jury without objection" (*People v Archer*, 232 AD2d 820, 822 [1996], *lv denied* 89 NY2d 1087, 90 NY2d 938 [1997]). The sentence is not unduly harsh or severe. Defendant's remaining contention is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, is without merit. Present—Kehoe, J.P., Gorski, Martoche, Green and Hayes, JJ.